Hillsborough,
July 6, 1950. } No. 3932.

CHRISTINE G. LUND *v.* PERLEY A. LUND.

*George M. French* and *Frank B. Clancy, Jr.*, for the plaintiff.

*J. Morton Rosenblum*, for the defendant.

KENISON, J. The petition for contempt was filed more than three years after the original divorce decree and it is argued by the defendant that the present case is subject to the three year limitation on alimony orders. This question requires a construction of R. L., c. 339, s. 16, and particularly the italicized portion thereof. The statute reads as follows: "ALIMONY. Upon a decree of nullity or divorce, the court may restore to the wife all or any part of her estate, and may assign to her such part of the estate of her husband, or order him to pay such sum of money, as may be deemed just, *provided that in cases in which no children are involved*, or in which the children have reached the age of majority, said order shall be effective for not more than three years from the date thereof, but such order may be renewed, modified or extended if justice requires for periods of not more than three years at a time; and may compel the husband to disclose, under oath, the situation of his property; and before or after the decree, may make such orders and use such process as may be necessary."

Prior to the passage of Laws 1937, c. 154, there was no time limit or duration affecting alimony payments and the Superior Court could revise or modify an alimony decree at any time. *Wallace* v. *Wallace*, 74 N. H. 256; *LeBeau* v. *LeBeau*, 80 N. H. 139. This was also true of other provisions of the divorce decree such as allowances for the support of children (*Kennard* v. *Kennard*, 81 N. H. 509) or allowance for the education of children (*Payette* v. *Payette*, 85 N. H. 297). The 1937 amendment was incorporated in the present statute and was

first construed in *Bradley* v. *Bradley*, 92 N. H. 70, 71, a case where the parties had no children, as follows: "The effect of the statute is to bring up such orders for reconsideration every three years, but the power of the court to make such orders 'as may be deemed just' is in no way limited."

It is contended in the present case that there is no order for custody and support of the minor and that the order for the educational support of the child was a collateral one which is not dependent on or related to the alimony order for the plaintiff. Considering the decree as a whole, this appears to be a strict construction of it but, in any event, the real question is whether "no children are involved" within the meaning of R. L., c. 339, s. 16. While the usual decree relating to children relates to both custody and support (*Paille* v. *Paille*, 91 N. H. 249), "children are involved" within the meaning of the statute if the decree pertains to either custody or support of the children. The decree is to be considered in its entirety and the provisions relating to the wife and the children are not to be construed as separate and distinct unless specifically made so by the terms of the decree itself. Where the decree affects both wife and child, the three year time limit is not effective. If the decree relates to the wife alone, it is effective, "for not more than three years from the date thereof" by the terms of the statute. Within that time or "at the end of the statutory period" (*Bradley* v. *Bradley, supra*) the burden is on the beneficiary of the order to bring it up for reconsideration.

Since the decree in this case involved children it was not limited in time by the statute and remains in effect until modified or cancelled by another decree.

*Exceptions overruled.*

BLANDIN, J., did not sit: the others concurred.