Merrimack,
No. 4977.

HAROLD E. ANGWIN *v.* ANNA M. ANGWIN.

Argued October 4, 1961.

Decided December 27, 1961.

532

Cleveland & Bass (*Mr. Cleveland* orally), for the plaintiff.

Upton, Sanders & Upton and Carleton Eldredge (*Mr. Eldredge* orally), for the defendant.

WHEELER, J. The petition for modification of the stipulation signed by the parties and approved by the Court was filed more than three years after the decree approving the stipulation and the motion to dismiss raises the question of whether the order for the support of the wife terminated under the provisions of RSA 458:19, which provides:

"458:19 ALIMONY. Upon a decree of nullity or divorce, the court may restore to the wife all or any part of her estate, and may assign to her such part of the estate of her husband, or order him to pay such sum of money, as may be deemed just, provided that in cases in which no children are involved, or in which the children have reached the age of majority, said order shall be effective for not more than three years from the date thereof, but such order may be renewed, modified or extended if justice requires for periods of not more than three years at a time; and may compel the husband to disclose, under oath, the situation of his property; and before or after the decree, may make such orders and use such process as may be necessary."

In *Lund* v. *Lund*, 96 N. H. 283, this court held that the decree in such cases is to be considered in its entirety and that provisions

relating to the wife and children are not to be considered separate unless made so by the decree. In *Lund,* no order for custody was made but the libelee was ordered to pay twenty-five dollars per week for the support of his wife and for tuition for the minor daughter. In these circumstances the court held that "children are involved" and that the three-year limit was not effective.

The libel in the instant case sought a decree awarding custody of the four minor children of the parties to the father. The decree entered upon the stipulation of the parties provided for such custody, with rights of visitation in the mother. See RSA 458:17. The case was one in which children were involved and hence the order for support did not come within the three-year limitation. RSA 458:19, *supra.*

*Exceptions overruled.*

All concurred.