Rockingham,
No. 5299.

MARY K. MADSEN *v.* HARRY V. MADSEN.

Argued January 8, 1965.
Decided April 30, 1965.

*Perkins, Holland & Donovan* (*Mr. Robert B. Donovan* orally), for the plaintiff.

*George R. Scammon* and *Robert G. Whitman* (*Mr. Whitman* orally), for the defendant.

KENISON, C.J. The question to be decided is whether the Superior Court for Rockingham county which granted the original divorce decree has continuing jurisdiction to modify it, both parties now being nonresidents of this state. The statute involved in this proceeding reads as follows: RSA "458:19 ALIMONY. Upon a decree of nullity or divorce, the court may restore to the wife all or any part of her estate, and may assign to her such part of the estate of her husband, or order him to pay such sum of money, as may be deemed just, provided that in cases in which no children are involved, or in which the children have reached the age of majority, said order shall be effective for not more than three years from the date thereof, but such order may be renewed, modified or extended if justice requires for periods of not more than three years at a time; and may compel the husband to disclose, under oath, the situation of his property; and before or after the decree, may make such orders and use such process as may be necessary."

Under this statute alimony decrees are effective for a three-year period "in cases in which no children are involved, or in which the children have reached the age of majority." *Angwin* v. *Angwin*, 103 N. H. 531. However, this statute as well as RSA 458:14 permits alimony decrees to be renewed, revised or modified or extended for additional periods of time. *Cowles* v. *Cowles*, 80 N. H. 530; *Vezina* v. *Vezina*, 95 N. H. 297; *Athorne* v. *Athorne*, 100 N. H. 413. It is the general rule that where a state obtains jurisdiction over the parties to an action that jurisdiction continues with respect to all subsequent proceedings which arise out of the original cause of action. "A change in domicil of the parties or other changes in circumstances does not destroy jurisdiction, but may lead the court in a reasonable exercise of discretion to refuse to exercise jurisdiction." Restatement (Second), Conflict of Laws, *s.* 76, *comment* e (Tent. draft No. 3, 1956). This rule of continuing jurisdiction is the same as that stated by the 1948 supplement to the Restatement of Conflict of Laws, *s.* 76, *comment* c. It has been followed in this state, as well as elsewhere generally. *Cowles* v. *Cowles*, 80 N. H. 530; *Vezina* v. *Vezina*, 95 N. H. 297; Leflar, The Law of Conflict of Laws, *s.* 32 (1959); Goodrich, Conflict

of Laws, *s.* 73, *p.* 117 (4th *ed.* Scoles, 1964); Annot. 62 A.L.R. 2d 544.

The rule of continuing jurisdiction is frequently applied in domestic relations cases. Restatement (Second), Conflict of Laws, *s.* 76, *comment* e, illustration 11, reads as follows: "A obtains a support order against B in state X. A later becomes domiciled in state Y. Thereafter, B becomes domiciled in another state. The X court still has judicial jurisdiction to modify the original order." It has been suggested that jurisdiction in domestic relation cases should be for a limited period. Ehrenzweig, Conflict of Laws, *s.* 27 (3); Ehrenzweig & Louisell, Jurisdiction in a Nutshell, *s.* 4, *p.* 21 (1964). In the present case, however, the time interval is not one of long duration, and there would appear to be no reason why such a decree should not be renewed for another three-year period. The important thing is that the defendant have proper notice and an opportunity to be heard, neither of which is lacking in the present case. *Griffin* v. *Griffin,* 327 U. S. 220; *Mauzy* v. *Mauzy,* 97 N. H. 514; see *Bourdon* v. *Bourdon,* 105 N. H. 432, 434.

In this case the decree incorporated the stipulation of the parties and it provided that the alimony payments were to continue until the death of one of the parties or the remarriage of the plaintiff. It is not unreasonable in these circumstances for the Court to renew the order for alimony or to modify it "if justice requires." RSA 458:19. *Angwin* v. *Angwin,* 103 N. H. 531. There may be cases where the parties are nonresidents in which, upon a motion to renew or modify an alimony decree, the Court should decline to exercise jurisdiction. But this is a matter of discretion and not of jurisdiction. Restatement (Second), Conflict of Laws, *s.* 76, *comment* a and *comment* e, illustration 12 (Tent. draft No. 3, 1956). The action of the Trial Court in denying the motion to quash was proper and the defendant's exceptions are overruled. 2A Nelson, Divorce and Annulment, *s.* 17.29 (2d *ed.* 1961).

*Remanded.*

All concurred.