Rockingham,
No. 5994.

RUTH MARIE PLOYER

*v.*

JOHN H. PLOYER, JR.

June 30, 1970.

*Fisher, Parsons, Moran & Temple* ( *Mr. Robert H. Temple* orally ), for Ruth Marie Ployer.

*Perkins, Holland & Donovan* ( *Mr. Robert B. Donovan* orally ), for John H. Ployer, Jr.

GRIFFITH, J. Ruth Ployer was granted a divorce from John H. Ployer, Jr., on January 4, 1966. The parties filed a stipulation which was incorporated in the decree by the trial court and contained the following provision:

" That John H. Ployer, Jr., shall pay to Ruth Marie Ployer the sum of Thirty ( $30 ) Dollars per week for the support of said minor child, said payments to automatically terminate when said child either becomes self-supporting or reaches legal age, whichever event occurs sooner. After said minor child either becomes self-supporting or reaches legal age, John H. Ployer, Jr., shall pay to Ruth Marie Ployer, as alimony, the sum of $60.00 per month, provided that she is then unmarried; said alimony payments to terminate on the death or remarriage of Ruth Marie Ployer, whichever event occurs sooner. "

On March 28, 1969 the defendant John Ployer, Jr., ceased the payments of $60 per month he was then making and a petition for contempt was brought by the plaintiff. The matter was referred to a Master, *Leonard C. Hardwick,* Esq., who found that the minor child became self-supporting on March 2, 1966 but ruled that the order of $60 per month continued in effect

until modified by the court. The master's report was approved by *Grant,* J., who reserved and transferred the defendant's exception.

The defendant relies upon RSA 458:19 which limits orders of support to three years from the date of the order "in cases in which no children are involved, or in which the children have reached the age of majority . . . ." This statute was enacted by Laws 1937, ch. 154 and is apparently unique to this state. 27A C.J.S. Divorce *s.* 238, at 1113 n. 55.25. It has been held to place the burden on the beneficiary of the order "to bring it up for reconsideration," otherwise it expires at the end of three years. *Lund* v. *Lund,* 96 N.H. 283, 285, 74 A.2d 557, 559; *Bradley* v. *Bradley,* 92 N.H. 70, 24 A.2d 605.

The language of the statute limits its application to orders not involving children. We have held that provisions in a decree "relating to the wife and children are not to be construed as separate and distinct unless specifically made so by the terms of the decree itself." *Lund* v. *Lund, supra* at 285; *Angwin* v. *Angwin,* 103 N.H. 531, 176 A.2d 194.

The *Lund* case involved a decree with a separate allowance to a wife and an eighteen year old daughter. Although the daughter would have attained her majority in three years it was held five years later that since the decree affected both wife and child it was not limited by the statute and remained in effect until modified or cancelled by another decree.

In the present case a minor child was involved and the decree affected both wife and child, although the wife's support as such did not begin until after the child's support terminated. The limitations imposed upon the payment of alimony in this decree were unrelated to the three-year limitation of RSA 458:19.

*Exception overruled.*

All concurred.