JAMES K. AND LINDA (JOYAL) CAIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cain v. Commissioner
Docket No. 1039-74.
United States Tax Court
T.C. Memo 1976-175; 1976 Tax Ct. Memo LEXIS 228; 35 T.C.M. (CCH) 778; T.C.M. (RIA) 760175; June 3, 1976, Filed James K. Cain, pro se. Jonathan J. Broome, Jr., for the petitioner Linda (Joyal) Cain. Harris J. Belinkie, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1972 in the amount of $656.08. Because of petitioners' concessions, the only issue before us is whether $1,300 received by Linda (Joyal) Cain from her former husband constituted alimony income. This case has been submitted to the Court fully stipulated. Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts, together *229 with the exhibits attached thereto, is incorporated herein by this reference. At the time of filing the petition herein, petitioners, husband and wife, resided in Burlington, Massachusetts, and North Andover, Massachusetts, respectively. Petitioners filed a joint Federal income tax return for the 1972 taxable year. Since the single issue before us pertains to Linda (Joyal) Cain's receipt of certain payments from her former husband, hereinafter any reference to petitioner shall be to Linda (Joyal) Cain. In 1959, petitioner married Rene Joyal in the State of New Hampshire, where the couple lived as husband and wife until their separation in 1964 when petitioner moved to Massachusetts. On October 4, 1966, the Superior Court at Nashua, Hillsborough County, New Hampshire, issued petitioner a decree of divorce from Rene Joyal, awarded petitioner custody of the child born of the marriage, and ordered Joyal to pay petitioner the sum of Twenty-Five Dollars ($25.00) per week towards the support of the said Linda G. Joyal and said minor child. In 1968, petitioner was married to James Cain in the State of New Hampshire. Thereafter, petitioner and Cain lived in Massachusetts until *230 July, 1974, when, after separating from Cain, petitioner moved to McLean, Virginia. During the year in question (1972), petitioner received $1,300 from Rene Joyal in accordance with the 1966 divorce decree. The parties agree that if only the divorce decree were involved, petitioner would fail under the rule laid down by Commissioner v. Lester,366 U.S. 299 (1961), since there is no specific designation of child support. But, if the legal obligation to make payments for petitioner's support terminated upon her remarriage in 1968 under applicable state law, the payments received by petitioner in 1972 would not be taxable as alimony income under section 71. [1]Allen Hoffman,54 T.C. 1607 (1970), affd. per curiam 455 F.2d 161 (7th Cir. 1972); Martha K. Brown,50 T.C. 865 (1968), affd. per curiam 415 F.2d 310 (4th Cir. 1969). Because of petitioner's contacts with New Hampshire, Massachusetts, and Virginia, the parties cannot agree which state law is determinative for purposes of this proceeding. *231 Petitioner casts the issue as a classic choice of law problem and urges us, as a national court, to adopt our own rules for the resolution of conflicts of law questions. The conflicts rule that petitioner would have us adopt is a hybrid of modern conflicts theories favoring, on the one hand, the substantive law of the jurisdiction having the most significant contacts with the elements of the controversy and, on the other hand, the substantive law of the jurisdiction having the greatest interest in the resolution of the controversy by application of its own law. Petitioner reasons that Virginia is the jurisdiction filling both of these bills and that Virginia law, which provides for the cessation of the obligation to make support and maintenance payments upon the remarriage of the recipient spouse, [2] should, therefore, apply to deem petitioner's receipts nontaxable. [3]
*232 We see no reason to accede to petitioner's blandishments. Whatever the effect of petitioner's contacts with Virginia may be, we cannot conceive how they would have any bearing on the taxable year before us, since she did not move to Virginia until 1974. [4] More importantly, as far as this record reveals, the New Hamsphire divorce decree remains in full force and effect and has not been varied in any way by the action of any other state having jurisdiction over petitioner or her former husband. Under such circumstances, we think it clear that New Hampshire law controls. Compare Cleveland J. Harris,51 T.C. 980 (1969); Ines Siegert,51 T.C. 611 (1969); Chester L. Tinsman,47 T.C. 560 (1967). *233 Initially, we observe that the New Hampshire courts retain jurisdiction to take appropriate action to continue or modify the alimony provision of a divorce decree without being bound by the law of another state to which one of the parties to the divorce action may have moved. See Stritch v. Stritch,106 N.H. 409, 213 A.2d 426 (1965), where a three-year obligation to pay alimony was enforced and the court made no reference in its reasoning to the fact husband-payor died a resident of New York in which state it appeared that the obligation to pay alimony ceased on death. See also Madsen v. Madsen,106 N.H. 267, 209 A.2d 728 (1965). The parties agree that, under New Hampshire law, Rene Joyal's obligation under the divorce decree did not terminate upon petitioner's remarriage because the rights of a minor child were affected by such decree. [5] See Ployer v. Ployer,110 N.H. 338, 266 A.2d 848 (1970). Petitioner argues, however, that since it was the presence of a minor child that caused Joyal's obligation to survive petitioner's remarriage, in the absence of a modifying decree, any payments received thereafter must be deemed child *234 support not taxable to her. While the presence of a minor child may have been the sine qua non of Rene Joyal's continuing obligation to make payments under the divorce decree, it does not follow that such payments were child support. New Hampshire does not view child support and alimony as separate and distinct provisions unless the decree specifically provides that they be such; a decree is read in its entirety. Ployer v. Ployer,supra; Lund v. Lund,96 N.H. 283, 74 A.2d 557 (1950). See Madsen v. Madsen,supra.The fact that a New Hampshire court might have modified the divorce decree to designate the payments to petitioner as being solely for child support is beside the point. Any such modification would not have been given retroactive effect under the circumstances herein. *235 Mary James Wilson,49 T.C. 1 (1967)Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
2. Va. Code Ann. § 20-110 (1950); see Martha K. Brown,50 T.C. 865 (1968), affd. per curiam 415 F.2d 310↩ (4th Cir. 1969). 3. Petitioner does not urge us to adopt rules dealing with the marital relationship independent of state law. Cf. Harold K. Lee,64 T.C. 552 (1975), on appeal (9th Cir. January 15, 1976); Estate of Leo J. Goldwater,64 T.C. 540 (1975), on appeal (2d Cir. December 12, 1975); Estate of Wesley A. Steffke,64 T.C. 530↩ (1975), on appeal (7th Cir. November 20, 1975).
4. In so stating, we do not imply that we would necessarily conclude that the Virginia statute automatically modified the New Hampshire decree -- a question not without constitutional ramifications. Compare Osborne v. Osborne,215 Va. 205, 207 S.E. 2d 875 (1974); McLoughlin v. McLoughlin,211 Va. 365, 177 S.E. 2d 781 (1970). See Restatement of Conflict of Laws Second, sec. 70, Commentiff, which reads in part as follows: Both spouses will everywhere be held bound by any provision relating to support in the divorce decree to the extent that they would so be bound under the local law of the state of rendition. * * * See also, Madsen v. Madsen,106 N.H. 267, 209 A.2d 728↩ (1965).
5. Where no minor children are involved, New Hampshire law provides that an order of support pursuant to a divorce decree shall be effective for no more than three years, absent renewal, modification, or extension. N.H. Rev. Stat. Ann., § 458:19↩ (1955). This provision is of no effect where minor children are involved.