Coos
No. 83-075

### Roland W. Couture

v.

### Priscilla L. Couture

February 16, 1984

*Law Offices of Jack P. Crisp, Jr.,* of Berlin (*Mr. Crisp* on the brief and orally), for the plaintiff.

*Snierson, Chandler & McKean,* of Laconia (*Edgar D. McKean, III,* on the brief and orally), for the defendant.

BATCHELDER, J. The defendant filed a petition in the Coos County Superior Court to extend alimony payments and to hold the plaintiff in contempt. The plaintiff appeals from a recommendation to grant the defendant's petition made by the Master (*Bruce DalPra,* Esq.) and approved by the Superior Court (*Dunn,* J.).

The issue raised in this appeal involves the applicability of the three-year limit on alimony set out in RSA 458:19. The parties were divorced in 1979, and, as part of the decree, the plaintiff was ordered to pay alimony to the defendant. Also, the defendant was given custody of the parties' youngest daughter. Since the summer of 1981, this child, the only remaining minor child of the parties, has resided with the plaintiff.

RSA 458:19 provides that, as part of a decree of divorce, the superior court may order alimony payments to be made "provided that in cases in which no children are involved, or in which the children have reached the age of majority, the order shall be effective for not more than 3 years or 3 years after the youngest child attains the age of majority, whichever occurs first." The plaintiff contends that the statutory three-year limit ought to apply to the order calling for him to provide alimony payments to the defendant.

The plaintiff sees his position—one in which the alimony-paying parent has physical custody of all minor children—as being analogous to the situation in which there are no minor children involved and an award of alimony is made. He argues that the alimony

award should have a three-year duration because he is providing for the needs of the minor child. His contention is that the equal protection clauses of the State and Federal Constitutions, N.H. CONST. pt. I, art. 2; U.S. CONST. amend. XIV, as well as public policy, entitle him to the same treatment afforded to persons without minor children.

 We find the plaintiff's legal arguments without merit. The statute clearly makes the three-year rule applicable to alimony awards "in cases in which no children are involved." RSA 458:19; *Angwin v. Angwin*, 103 N.H. 531, 176 A.2d 194 (1961); *Lund v. Lund*, 96 N.H. 283, 74 A.2d 557 (1950). Since the decree at issue involves the parties' minor daughter, the order for alimony therein does not come within the three-year rule. *See Strobel v. Strobel*, 123 N.H. 363, 367–68, 461 A.2d 558, 560–61 (1983).

 With reference to the plaintiff's challenge under the equal protection clauses, since no suspect classification, fundamental interest, or important substantive right is implicated by this application of RSA 458:19, the rational-basis test is the appropriate test for determining the merits of the challenge. *Carson v. Maurer*, 120 N.H. 925, 931–32, 424 A.2d 825, 830 (1980); *Belkner v. Preston*, 115 N.H. 15, 18, 332 A.2d 168, 171 (1975). We are aware of no legislative history indicating what the legislature had in mind when it instituted the three-year rule and excluded decrees involving minor children from that rule. *See* Laws 1937, 154:1. However, we may observe that a different approach is obviously warranted in dealing with the break-up of families which include minor children as distinguished from families in which there are no minor children. Accordingly, we will not second-guess the legislature's decision to place a time limit only on alimony awards in cases not involving minor children. We hold, therefore, that there is a rational relationship between the purpose of the statute and the classifications it creates.

██ In terms of the public policy behind such disparate treatment, again it is the legislature that has the primary responsibility to declare public policy in this State. *Welch v. Hospital*, 90 N.H. 337, 340, 9 A.2d 761, 763 (1939). In the absence of a deficiency of a constitutional dimension, we will not override the legislature's dictates regarding the implementation of public policy.

*Affirmed.*

DOUGLAS, J., did not sit; the others concurred.