Rockingham
No. 83-475

DAVID L. MELVIN

v.

KATHERINE MELVIN

August 13, 1984

*Engel & Morse P.A.*, of Exeter (*Lynn D. Morse* on the brief), by brief for the plaintiff.

*Law Offices of Stephen J. C. Woods*, of Exeter (*Mr. Woods* on the brief), by brief for the defendant.

BATCHELDER, J. The defendant, Katherine Melvin, appeals a decision of the Superior Court (*Bean*, J.) which held that the provi-

sions of RSA 458:19 automatically terminated the defendant's alimony payments. We reverse and remand.

The parties were divorced on January 17, 1980, and the divorce decree granted the plaintiff, David L. Melvin, custody of the parties' minor children and ordered the plaintiff to pay the defendant thirty dollars per week in alimony. On January 17, 1983, the plaintiff terminated alimony payments based on his understanding of RSA 458:19. The defendant petitioned the superior court for a declaratory judgment that the three-year limitation on alimony contained in RSA 458:19 was inapplicable and, in the alternative, requested a renewal of alimony. After the plaintiff answered, the defendant filed a motion for summary judgment on the petition for declaratory relief. The plaintiff then moved for a termination of alimony payments, should the court rule that the three-year limitation in RSA 458:19 was not applicable. The defendant moved for summary judgment on the plaintiff's motion.

A statement of facts and memoranda of law were filed by both parties. The parties agree that the statement and memoranda were restricted to the question of whether the plaintiff could terminate his alimony payments pursuant to RSA 458:19. No evidence as to the financial status of the parties was presented at the hearing on the pending motions.

The Master (*Stephanie T. Nute*, Esq.) found that, between the date of the divorce decree and the filing of the defendant's petition to renew alimony, the defendant's wages increased substantially. She also found that "[i]n view of the fact that Defendant was not responsible in any way for the support of the children . . . as to the Defendant's need for alimony, 'no children are involved.'" *See* RSA 458:19. Accordingly, the master recommended that the defendant's petition to renew alimony be denied summarily and that the plaintiff's motion for termination of alimony be granted summarily, retroactive to January 17, 1983. The Superior Court (*Bean*, J.) approved the master's recommendation.

RSA 458:19 provides that the court may order alimony, "provided that in cases in which no children are involved . . . the order shall be effective for not more than 3 years . . . ." The plaintiff argues that because he received custody of the children, the divorce decree did not involve children for the purposes of RSA 458:19. We cannot agree.

To determine whether "children are involved" within the meaning of the statute, the divorce "'decree is to be considered in its entirety'" and the provisions relating to alimony and child support and custody "'are not to be construed as separate and distinct unless

specifically made so by the terms of the decree itself.'" *Strobel v. Strobel*, 123 N.H. 363, 367, 461 A.2d 558, 560 (1983) (quoting *Lund v. Lund*, 96 N.H. 283, 285, 74 A.2d 557, 559 (1950)). The alimony and custody provisions, in this case, are not made separate and distinct by the fact that the alimony obligee does not have custody of the minor children. *See Angwin v. Angwin*, 103 N.H. 531, 533, 176 A.2d 194, 195 (1961) (decree awarding custody of children to father and ordering him to pay alimony was one in which children were involved); *see also Lund v. Lund supra* (no provision with respect to custody of minor child was made); *cf. Couture v. Couture*, 124 N.H. 500, 471 A.2d 1191 (1984). Additionally, the provisions are not separate and distinct simply because they are set forth in separately numbered paragraphs. *See Strobel v. Strobel, supra* at 367, 461 A.2d at 560–61.

We have held that "'children are involved' within the meaning of the statute if the decree pertains to either custody or support of the children." *Lund v. Lund supra*. Nothing in the instant case takes it out of that general rule. Thus, since the decree involves the parties' minor children, the alimony provision is not governed by the three-year limitation contained in RSA 458:19.

The plaintiff therefore had the burden of asking the superior court for a modification of alimony, *see* RSA 458:32; SUPER. CT. R. 155, and establishing both that a substantial change of circumstances had occurred since the original decree and that continuance of the original alimony provision would be improper and unfair. *See Fortuna v. Fortuna*, 103 N.H. 547, 548–50, 176 A.2d 708, 709–10 (1961).

The plaintiff did file a motion with the court requesting termination of alimony, which the court summarily granted. The motion was granted based on the court's application of the three-year limitation contained in RSA 458:19 and was made retroactive to January 17, 1983. Given our holding that the three-year limitation on alimony contained in RSA 458:19 is inapplicable to the instant case, we reverse and remand for further proceedings on the motion for termination.

*Reversed and remanded.*

All concurred.