MARIE BOHNER vs. THEODORE J. BOHNER.

Middlesex.  May 10, 1984. — September 14, 1984.

Present: ARMSTRONG, DREBEN, & WARNER, JJ.

*Divorce and Separation,* Alimony, Foreign divorce. *Statute,* Retroactive
    statute.

Amendments to G. L. c. 208, §§ 34 and 37, effected by St. 1982, c. 642,
    giving Massachusetts courts authority to make or alter alimony orders
    in cases involving foreign divorces, had retrospective effect permitting
    a Probate Court judge to order the payment of alimony in a case involving
    a New Hampshire divorce antedating the amendments. [548-549]

COMPLAINT filed in the Middlesex Division of the Probate
and Family Court Department on May 26, 1983.
    A motion to dismiss was heard by *Leahy,* J.
    *Sheldon H. Ganz* for the defendant.
    *Robert F. Sylvia* for the plaintiff.
    DREBEN, J. The questions raised by these interlocutory ap-
peals which were authorized by a single justice of this court
are whether the amendments to G. L. c. 208, §§ 34 and 37,
effected by St. 1982, c. 642, permit a probate judge to order
the payment of alimony in a case involving a foreign divorce
which antedates the amendments. The husband appeals from
the denial of his motion to dismiss the wife's complaint for
alimony brought in Massachusetts pursuant to G. L. c. 208,
§ 34, and from two temporary orders for the payment of
alimony, one issued under G. L. c. 208, § 34, and a subsequent
order issued pursuant to G. L. c. 208, § 37.
    Prior to St. 1982, c. 642, Massachusetts courts did not have
statutory authority under § 34 to grant alimony after a foreign
divorce, *Gosselin* v. *Gosselin,* 1 Mass. App. Ct. 146, 149
(1973), or under § 37 to modify a foreign decree with respect
to alimony. *Cannon* v. *Cannon,* 2 Mass. App. Ct. 874 (1974).

Both § 34[1] and § 37[2] were amended in 1982 so as to give Massachusetts courts authority to issue orders as to alimony in cases involving foreign divorces. We hold that the 1982 amendments permit the orders here entered by the probate judge.

Since this is an appeal from the denial of a motion to dismiss, we take our facts from the wife's May, 1983, complaint under G. L. c. 208, § 34. See *Nader* v. *Citron*, 372 Mass. 96, 98 (1977). The parties were married in New York in 1951 and were divorced in New Hampshire in 1977. Both are now Massachusetts residents.[3] The New Hampshire divorce decree

---

[1] The first sentence of G. L. c. 208, § 34, as amended by St. 1982, c. 642, § 1, provides: "Upon divorce or upon a complaint in an action brought at any time after a divorce, *whether such a divorce has been adjudged in this commonwealth or another jurisdiction,* the court[s] of the commonwealth, provided there is personal jurisdiction over both parties, may make a judgment for either of the parties to pay alimony to the other." The relevant portion of the 1982 amendment added the italicized words.

[2] Section 37 was amended in 1982 by adding a second and third paragraph. St. 1982, c. 642, § 2. As amended the section reads in its entirety as follows:

"After a judgment for alimony or an annual allowance for the spouse or children, the court may, from time to time, upon the action for modification of either party, revise and alter its judgment relative to the amount of such alimony or annual allowance and the payment thereof, and may make any judgment relative thereto which it might have made in the original action.

"The court, provided there is personal jurisdiction over both parties, may modify and alter a foreign judgment, decree, or order of divorce or separate support where the foreign court did not have personal jurisdiction over both parties upon the entry of such judgment, decree or order.

"The court, provided there is personal jurisdiction over both parties to a foreign judgment, decree, or order of divorce for support, where such foreign court had personal jurisdiction over both parties, may modify and alter such foreign judgment, decree, or order only to the extent it is modifiable or alterable under the laws of such foreign jurisdiction; provided, however, that if both parties are domiciliaries of the commonwealth, then the court may modify and alter the foreign judgment in the same manner as it could have had the judgment, order, or decree been issued by the court; and provided further, that the court may not modify or alter the judgment, order or decree of a foreign jurisdiction which had personal jurisdiction over both parties concerning the division or assignment of marital assets or property."

[3] The 1977 New Hampshire decree states that the husband is of New Hampshire and the wife is of Massachusetts. A petition filed by the husband with a single justice alleges the divorce was contested. It is thus likely that New Hampshire had personal jurisdiction over both parties. The record does

ordered the husband to pay the wife alimony of $500 per month until her death or remarriage.

In March, 1983, relying on a New Hampshire statute (see note 4, *infra*) which provides, among other things, that an alimony order is "effective for not more than 3 years after the youngest child attains the age of majority," the husband stopped making payments.

In May, 1983, the wife brought a complaint for alimony under G. L. c. 208, § 34, and a temporary order for alimony entered. The husband appealed to a single justice of this court, who stayed that order. Thereafter, an order for temporary alimony issued under § 37.[4]

The husband claims that neither § 34 nor § 37 may be applied to award alimony where the New Hampshire divorce was obtained prior to the effective date of the 1982 amendments. He argues that they create new substantive rights, because, prior to the amendments, his wife could not have maintained such an action.[5]

not reveal whether they are now Massachusetts domiciliaries (see the third paragraph of § 37, note 2, *supra*).

[4] The stay was granted without prejudice to the wife's right to proceed under G. L. c. 208, § 35 (i.e., to enforce a foreign decree), but that route proved unavailable because there was no foreign order then in force. New Hampshire Rev. Stat. Ann. § 458:19, as amended in 1981 (Equity 1983), provides that a court order of alimony "shall be effective for not more than . . . 3 years after the youngest child attains the age of majority." See *Strobel* v. *Strobel*, 123 N.H. 363, 365 (1983). Compare *Homewood* v. *Homewood*, 11 Mass. App. Ct. 864, 866 (1981), construing the New Hampshire statute as in effect prior to the 1981 amendment. After denial by the probate judge of the wife's motion for an order under § 35, on the ground that her remedy lay under § 34 or § 37, she again sought relief from a single justice and, pursuant to his suggestion, a temporary order was entered in the Probate Court under G. L. c. 208, § 37.

[5] Since orders were issued under both § 34 and § 37 and since we think the same reasoning as to retroactivity applies to orders as to alimony under both sections, we do not consider, and the parties have not argued, whether one of the two sections is more appropriate in this case. We note that the New Hampshire statute cited in note 4, *supra*, provides, in addition to the language there quoted: "However, such order may be renewed, modified or extended if justice requires for periods of not more than 3 years at a time; . . . ." We also note that c. 208, § 37, before the 1982 amendment, was construed to give "a judge authority when circumstances change . . . to award alimony anew when a previous award has expired." *Talbot* v. *Talbot*, 13 Mass. App. Ct. 456, 460 (1982). *Smith* v. *Smith*, 190 Mass. 573, 575 (1906).

A review of our cases, however, indicates that substantive rights, whatever be the difficulties of defining that term, see *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 625-627 (1974), see also *Cranberry Realty & Mortgage Co.* v. *Ackerley Communications, Inc.*, 17 Mass. App. Ct. 255, 259 n.5 (1983), are not deemed affected by a statutory change which merely provides a litigant with another forum. In such cases the statutes have been held to be remedial (procedural) and have been applied retroactively. Thus in *Kagan* v. *United Vacuum Appliance Corp.*, 357 Mass. 680, 683-684 (1970), where all the activities of the defendant took place before G. L. c. 223A, the long arm statute, became effective, the provision was held to be remedial and retrospective in operation. Quoting from *Kilbreath* v. *Rudy*, 16 Ohio St. 2d 70, 72 (1968), the court pointed out, "These statutes do not create new wrongs, they merely let local courts reach farther for personal jurisdiction over those who have committed established wrongs." *Kagan, supra* at 684. See also *Kennedy* v. *Kennedy*, 10 Mass. App. Ct. 113, 117 (1980), *S.C.* 17 Mass. App. Ct. 308 (1983) (long arm statute applied retroactively in a domestic relations matter). In *Goes* v. *Feldman*, 8 Mass. App. Ct. 84, 90 (1979), a statute conferring jurisdiction on the Housing Court over certain G. L. c. 93A actions which previously could have been heard only in the District Court or the Superior Court was held to be procedural and not substantive and was given retroactive application. We also said in *Cranberry Realty & Mortgage Co.* v. *Ackerley Communications, Inc.*, 17 Mass. App. Ct. at 260, that "[i]t is beyond question" that an amendment reinstating a right to a trial de novo in the Superior Court "related to procedures and remedies." See also *DeGategno* v. *DeGategno*, 336 Mass. 426 (1957), in which, without discussion of retroactive application, a 1950 amendment giving Massachusetts courts the power to enforce foreign decrees, G. L. c. 208, § 35, was applied to enforce a 1948 foreign decree. To the same effect, with specific reference to the question of retroactivity, is *Potak* v. *Potak*, 26 A.D.2d 950 (N.Y. 1966).

We think these cases indicate that the 1982 amendments which permit Massachusetts courts to make or alter alimony

orders in cases involving foreign divorces do not confer new substantive rights, at least where, as here, New Hampshire law permits its courts to take similar action. See note 5, *supra*. Contrast *Hay* v. *Cloutier*, 389 Mass. 248, 254 (1983) (equitable division viewed as a new substantive right); *Mayor of Salem* v. *Warner Amex Cable Communications, Inc.*, 392 Mass. 663, 668 (1984) (suspension of rate regulation is a matter of substance). For additional cases, see *Cranberry Realty & Mortgage Co.* v. *Ackerley Communications, Inc.*, 17 Mass. App. Ct. at 259 n.5. The amendments deal with the "how" or "where" of the alimony rights rather than the "what" of those rights. See *Goes* v. *Feldman*, 8 Mass. App. Ct. at 90. They thus fall within the class of statutes deemed remedial and which "are treated as operating retroactively." *City Council of Waltham* v. *Vinciullo*, 364 Mass. at 626. At stake is only whether an additional forum can entertain the complaint as to alimony.[6] "In the case before us we cannot say the defendant had a significant right not to be sued in [Massachusetts] as opposed to [New Hampshire]." *Goes* v. *Feldman, supra* at 90.

The order denying the motion to dismiss the wife's complaint under G. L. c. 208, § 34, and the orders awarding temporary alimony are affirmed.

*So ordered.*

---

[6] Under New Hampshire law, the courts of that State would have continuing jurisdiction to reconsider the alimony award even where both parties no longer reside in New Hampshire. In such a case, however, the New Hampshire court has discretion to decline jurisdiction. See *Madsen* v. *Madsen*, 106 N.H. 267, 268-269 (1965), *S.C.*, 109 N.H. 457 (1969), *S.C.* 111 N.H. 315 (1971).