### 20210. BLALOCK v. BLALOCK.

DUCKWORTH, Chief Justice. 1. The notation on the bill of exceptions by Judge Alverson that Judge Pye, the presiding judge, was out of the circuit on July 3, 1958—the date on which counsel had notified opposing counsel that he was tendering the bill of exceptions—together with the certificate by Judge Pye that he was without the circuit at the actual time it was tendered, shows clearly that the "tender" to the Clerk

of the Superior Court of Fulton County on that date, who retained the bill of exceptions until Judge Pye returned to the circuit and thereafter certified the same, met the requirement of Code (Ann.) § 6-902 (Ga. L. 1957, pp. 224, 244), and the motion to dismiss the bill of exceptions, for lack of proper tender within the 30 days allowed, is without merit. The requirements of the law are not to create obstacles, but to require due diligence, and it can not be said that the plaintiff in error was not diligent in this instance.

2. The fact that the brief of evidence was not approved at the time the bill of exceptions was tendered is not a sufficient reason for this court to dismiss the bill of exceptions for lack of jurisdiction. The brief was approved at the time the bill of exceptions was certified and approved as true. Thus, when the record reached this court, it contained an approved brief of evidence as required by Code (Ann.) §§ 6-801, 6-802 (Ga. L. 1953, Nov. Sess., pp. 440, 447) which is sufficient for this court to pass on all exceptions raised. While in *Days* v. *Atlanta &c. Ry. Co.*, 101 *Ga.* 785 (29 S. E. 21), cited by counsel in support of the motion, this court dismissed the writ of error because the tendered bill of exceptions stated that there was a brief of evidence approved by the court and "is of file and a part of the record," when in fact the actual brief of evidence in the record attached to the bill of exceptions was approved seven days after the bill of exceptions was tendered—this case differs in that the bill of exceptions specifies "the brief of evidence, including the order of the court approving the same as such." The opinion in the *Days* case stated that the court was unable to recognize the brief of evidence as the one referred to in the bill of exceptions. It thus differs on its facts from the instant case, where the brief shown is the only brief of evidence in the case.

3. The bill of exceptions, having plainly specified the rulings complained of and set forth the alleged errors, requires no special prayer or request for the issuance of a writ of error. See Code (Ann.) § 6-901 (Ga. L. 1957, pp. 224, 232); *Higgins* v. *Cherokee Railroad*, 73 *Ga.* 149; *Fulton County* v. *Philips*, 208 *Ga.* 795 (69 S. E. 2d 865). For all the reasons stated in headnotes 1, 2, and 3, the motion to dismiss is without merit.

4. An alimony decree awarding a given sum for the support of the wife and children can not be prorated among them so as to separate the amount awarded to the wife and to the

children. *Crouch* v. *Crouch*, 140 *Ga.* 76 (78 S. E. 408); *Cunningham* v. *Faulkner*, 163 *Ga.* 19 (135 S. E. 403); *Estes* v. *Estes*, 192 *Ga.* 100 (14 S. E. 2d 680); *Roberson* v. *Roberson*, 210 *Ga.* 346 (80 S. E. 2d 283). While the decree in this case allows a reduction of $15 per month as each child reaches majority, the award is to the group as a family unit, and this court can not attempt to construe or clarify the decree so as to attempt to separate the amount awarded to the mother from the amount awarded to the children. See *Carswell* v. *Shannon*, 209 *Ga.* 596 (74 S. E. 2d 850). It follows that the court did not err in sustaining the motion to strike certain paragraphs of the answer, setting up a remarriage of the parties and subsequent divorce, which allegedly resulted in an absolute invalidity of the earlier decree awarding alimony, but retaining the allegations in so far as they might set up any credits in favor of the father while he maintained the family in a family relationship between the remarriage and the subsequent separation.

5. The court properly found the defendant in contempt for wilfully failing to make substantial payments on the alimony award in excess of the amounts paid, and credited by the court, since there was ample evidence to support the findings of the court that the defendant could have made an effort, and possessed the ability, to pay something toward the support of his children other than the amounts deducted by the Veterans Administration from his disability pension and the other small amounts credited to him by the court. However, the court erred in confining the defendant to the custody of the sheriff until he purged himself of contempt by paying the entire sum of $8,667, found to be the amount of alimony in arrears. While there was evidence that the husband had recently sold a house valued at over $10,000, the uncontroverted evidence was that it was built largely from funds contributed by his present wife—although the ownership of the $2,000 used to purchase the lot was doubtful—and that his profit in the house amounted to a mere $1,400, and all the funds received therefrom had been turned over to his present wife in payment of debts owed to her. It was an abuse of discretion to require the defendant to pay the entire amount where the evidence discloses he was unable to comply, and amounts to imprisonment for debt. See *Pinckard* v. *Pinckard*, 23 *Ga.* 286; *Carlton* v. *Carlton*, 44 *Ga.* 216; *Davis* v. *Davis*,

138 *Ga.* 8 (74 S. E. 830) ; *Potter* v. *Potter,* 145 *Ga.* 60 (88 S. E. 546); *Lightfoot* v. *Lightfoot,* 149 *Ga.* 213 (99 S. E. 611); *McCullough* v. *McCullough,* 208 *Ga.* 776, 779 (69 S. E. 2d 764) ; *Corriher* v. *McElroy,* 209 *Ga.* 885 (76 S. E. 2d 782).

*Judgment reversed in part and affirmed in part. All the Justices concur.*

Argued September 10, 1958— Decided October 10, 1958—Rehearing denied November 7, 1958 and November 19, 1958.

*Bullock, Yancey & Mitchell, Kyle Yancey, Harris Bullock,* for plaintiff in error.

*Rex T. Reeves, Merrell Collier,* contra.