## 22274. BRANCH v. BRANCH.

DUCKWORTH, Chief Justice. A citation for contempt for non-payment of permanent alimony was set down for trial before a jury upon the filing of an answer by the respondent admitting the nonpayment but alleging that the former wife had become the common law wife of another and under their agreement which was made a part of the final decree of divorce and alimony the payments were "to cease upon her remarriage." However, a motion was made that the issue was one to be heard by the court alone and not a jury, and after a hearing of argument thereon, the court set a hearing of the matter before the court alone. Upon the hearing, the court held the defendant in contempt for failure to pay the alimony payments. The exceptions are to the judgment sustaining the motion to hear the issues before the court alone and the final judgment holding the defendant in contempt. *Held:*

1. It has been repeatedly held that the respondent in contempt proceedings is not entitled to a trial by jury except where a jury trial is expressly provided by statute. *Lee·v. Lee,* 97 Ga. 736 (1) (25 SE 174) ; *Briesnick v. Briesnick,* 100 Ga. 57 (3) .(28 SE 154) ; *Stokes v. Stokes,* 126 Ga. 804 (3) (55 SE 1023) ; *Gaston v. Shunk Plow Co.,* 161 Ga. 287, 298 (130 SE 580) ; *Hortman v. Georgia Board of Dental Examiners,* 214 Ga. 560 (105 SE2d 732). *Code* § 24-105 does not require a jury trial in the situation here where the respondent is cited for refusing to pay an alimony judgment, and the denial of a jury trial was not error even though the case had been ordered set down for a hearing before a jury.

602

2. While the answer of the respondent amounts to a change of conditions authorizing the refusal to pay alimony under the final decree since he alleges his former wife has become the common law wife of another man, yet the evidence was conflicting on this issue, and the discretion of the court has not been abused in holding the respondent violated the court decree since there is evidence supporting this judgment.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 13, 1964—DECIDED JANUARY 22, 1964—
REHEARING DENIED JANUARY 28, 1964.

*James Maddox,* for plaintiff in error.
*Fullbright & Duffey, W. O. Green, Jr.,* contra.