Martha K. BROWN and James W. Brown, Jr., Appellees,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellant.

No. 13278.

United States Court of Appeals Fourth Circuit.

Argued June 12, 1969.

Decided Sept. 5, 1969.

Jonathan S. Cohen, Atty., Dept. of Justice (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and Jeanine Jacobs, Attys., Dept. of Justice, on brief), for appellant.

James W. Brown, Jr., for appellees.

Before BOREMAN, BRYAN and BUTZNER, Circuit Judges.

PER CURIAM:

The Commissioner of Internal Revenue appeals a holding of the Tax Court that since under the law of the divorce state a husband's obligation to pay alimony ended when his former wife remarried, payments made thereafter were not alimony and thus not income assessable to the wife.

Taxpayer Martha K. and James J. Neate were divorced on June 16, 1958 in Virginia, and he was required to pay her $40.00 per week as support for their two children and as alimony. In January 1964 Martha married James Brown, but Neate nevertheless continued the weekly payments of $40.00 throughout that year. The law of Virginia declares that alimony shall cease upon remarriage of the recipient. Code of 1950, as amended, § 20–110.

For 1964 Martha Brown filed a joint tax return with her new husband, but she did not report the total of $2,080.00 received during 1964 from her former one. For this omission, the Commissioner assessed a tax deficiency against her, but the Tax Court cancelled it.

Section 71 Internal Revenue Code of 1954, 26 U.S.C. § 71, provides:

"(a) *General rule.*—

(1) *Decree of divorce or separate maintenance.*—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments * * * received after such decree in discharge of * * * a legal obligation, which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation."

\* \* \* \* \* \*

"(b) *Payments to support minor children.*—Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband."

Thus, a wife must treat as income periodic payments made by her divorced husband pursuant to the legal obligations recognized in 71(a) (1), unless the instalments are "fixed" as child-support. In the Tax Court Martha asserted that inasmuch as the State statute had terminated the ex-husband's alimony-duty, the moneys paid in 1964 by Neate were wholly child-support and exempted from her income by 71(b). See Commissioner of Internal Revenue v. Lester, 366 U.S. 299, 81 S.Ct. 1343, 6 L.Ed.2d 306 (1961).

The Tax Court concluded that because the Virginia law had discharged the husband of a further accounting for alimony, and there was no property settlement or like written instrument, the remittances after the wife's remarriage were not pursuant to a legal obligation and thus were not income to the wife. We agree, and affirm the opinion of the Tax Court, 50 T.C. 865 (September 16, 1968).

Affirmed.