Allen **HOFFMAN** and Pearl S. **Hoffman,**
Appellees,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Appellant.**

**No. 71–1087.**

United States Court of Appeals,
Seventh Circuit.

Jan. 21, 1972.

Johnnie M. Walters, Asst. Atty. Gen.,
Michael L. Paup, Gilbert E. Andrews,
Loring W. Post, Attys., Tax Division,
Department of Justice, Washington, D.
C., for appellant.

Leslie R. Bishop, John M. Eckel, Chi-
cago, Ill., Bishop & Crawford, Ltd., Chi-
cago, Ill., for appellees.

Before CUMMINGS and PELL, Cir-
cuit Judges, and CAMPBELL, Senior
District Judge.[1]

PER CURIAM.

This is an appeal from a decision of
the Tax Court[2] holding that monthly
payments taxpayer received from her
former husband in 1963 were properly
excluded from her gross income under §
71 of the Internal Revenue Code of 1954,
26 U.S.C. § 71. The Tax Court's opinion

---

1. Senior District Judge William J. Camp-
bell of the Northern District of Illinois is
sitting by designation.

2. 54 TC 1607 (1970).

sets forth the factual situation in adequate detail and no necessity exists for repeating more than the basic facts herein.

Taxpayer [3] married one Chamlin in 1943. Two children were born to the marriage. In 1950, a divorce suit was filed. In 1951 the Chamlins entered an agreement which *inter alia* provided he agreed to pay taxpayer the sum of $32.50 "each and every week, as and for permanent alimony and permanent child support of the minor children." A divorce decree was entered stating in part that it was ordered, adjudged and decreed that the husband pay to the taxpayer the sum of $32.50 "each and every week as and for permanent alimony and permanent child support of the minor children."

In 1953 taxpayer married Hoffman and remained married to him as of the end of the taxable year 1963. After taxpayer's remarriage, Chamlin continued making the weekly payments to taxpayer although he had knowledge prior to January 1, 1963 of taxpayer's remarriage. During the calendar year 1963 he made each of the required payments totaling $1690. Chamlin deducted this amount on his 1963 federal income tax return and upon audit thereof in August 1964, the deductions were allowed. The revenue agent was not aware of taxpayer's remarriage. None of the $1690 was included by the taxpayer in the joint return with her husband for 1963.

■ Upon these facts, the Tax Court held that there was no deficiency in taxpayer's 1963 income tax. It held that under Illinois law,[4] taxpayer's remarriage terminated her rights to alimony and that absent a "legal obligation" under state law to make alimony payments, Chamlin's payments to taxpayer did not fall within the provisions of Section 71(a) (1) of the Internal Revenue Code of 1954.

The Tax Court gave thorough, and correct, consideration to the contentions advanced by the Commissioner and in our opinion reached the correct result. We adopt and approve of the Tax Court's opinion.

■ It is not the agreement of the parties that is significant here but rather it is the divorce decree itself to which we must look. Cf. Joslin v. Commissioner, 424 F.2d 1223, 1227 (7th Cir. 1970). It is the law in Illinois that such an agreement loses its contractual nature, is merged into the decree, and is thereafter enforced as part of the decree. Adler v. Adler, 373 Ill. 361, 26 N.E.2d 504, cert. denied, 311 U.S. 670, 61 S.Ct. 29, 85 L.Ed. 430 (1940). After a decree has been entered, the rights of the parties rest upon the decree and not upon their agreement. Jacobs v. Jacobs, 328 Ill.App. 133, 65 N.E.2d 588 (1946).

■ Under Illinois law a termination of the legal obligation to pay alimony operates automatically and as a matter of law upon the occasion of remarriage. Banck v. Banck, 322 Ill.App. 369, 54 N. E.2d 577 (1944).

■ The Commissioner refers us to legislative history underlying the passage of Section 71(a) (1) of the Internal Revenue Code of 1954 in support of his contention that Congress thereby intended to eliminate problematical uncertainties and inequities resulting from variances in the laws of the different states concerning the existence and continuance of an obligation to pay alimony. While the elimination of certain variances no doubt was one of the purposes of the enactment, nevertheless the plain language of the statute makes one of the necessary requirements for applicability that there be "a legal obligation." There was none here.

Accordingly, the judgment of the Tax Court is affirmed.

Affirmed.

---

3. Pearl S. Hoffman will be referred to hereinafter as the "taxpayer." Inasmuch as she and her husband filed a joint return, her husband was a formal party to this suit and appeal.

4. Ill.Rev.Stat. ch. 40, § 19.