566 F.2d 947
 78-1 USTC P 9202
 Sarah BROCK, Petitioner-Appellant, Cross-Appellee,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee,
Cross-Appellant.
W. Kenneth BROCK and Janice B. Brock, Petitioners-Appellees,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.
 Nos. 77-1496, 77-1533
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Jan. 27, 1978.
 Myron C. Baum, Act. Asst. Atty. Gen., Tax Division, Gilbert E. Andrews, Act. Chief, App. Section, Richard W. Perkins, Marilyn E. Brookens, Attys., Tax Div., Dept. of Justice, Washington, D. C., for petitioner-appellant, cross-appellee, and for petitioners-appellees.
 Sol. Spielberg, Atlanta, Ga., for respondent-appellee, cross-appellant.
 H. A. Stephens Jr., Atlanta, Ga., for respondent-appellant.
 Meade Whitaker, Chief Counsel, Internal Revenue Service, Washington, D. C., for petitioners-appellees.
 Appeals from the Decisions of the Tax Court of the United States.
 Before THORNBERRY, RONEY and HILL, Circuit Judges.
 RONEY, Circuit Judge:
 
 
 1
 In this case Sarah Brock appeals from a judgment of the Tax Court requiring her to include in her taxable income the entire amount of payments made by her former husband under a divorce decree. The Tax Court determined that the support agreement incorporated in the divorce decree did not "fix" a certain portion of the total payment exclusively for the support of their four children. We affirm.
 
 
 2
 The facts in this case are not in dispute. On November 29, 1971, Sarah and W. Kenneth Brock were divorced by a decree entered in Superior Court of DeKalb County, Georgia. Incorporated in this decree was the following provision from an earlier separation agreement between the parties:
 
 
 3
 Husband agrees to pay to the Wife during her life the sum of Six Hundred ($600.00) Dollars per week as alimony and child support until she remarries, with said amount to be reduced by One Hundred ($100.00) Dollars per week as each child becomes self-supporting, marries, dies or becomes twenty-one (21) years of age. Said payments to start November 26, 1971. In the event she remarries, he shall pay her for the support of each minor child, unmarried and under the age of 21, the sum of $100.00 per week, until each child becomes self-supporting, marries, dies or becomes twenty-one (21) years of age.
 
 
 4
 Pursuant to this provision Mr. Brock paid Ms. Brock $4,800 in 1971 and $29,400 in 1972. Ms. Brock filed no tax return for 1971 and reported only $9,600 in alimony income on her 1972 return. The Commissioner determined that she had received alimony income in the amounts of $4,800 in 1971 and $29,400 in 1972 and notified her of the deficiency. Ms. Brock contends that the amount of the deficiency is attributable to child support and was therefore properly excluded from her income under § 71(b) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 71(b). Relying upon Commissioner of Internal Revenue v. Lester, 366 U.S. 299, 81 S.Ct. 343, 6 L.Ed.2d 306 (1961), the Tax Court held that the quoted provision did not "fix" any part of the payments as child support. Thus, the payments in question were held to be taxable in their entirety as alimony income. From this decision Ms. Brock appeals.
 
 
 5
 Section 71(a) includes in a divorced wife's gross income all periodic payments received in discharge of a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or a written instrument incident to the divorce. 26 U.S.C.A. § 71(a). Section 71(b), however, excepts from her gross income "that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband."
 
 
 6
 In Lester the Supreme Court strictly interpreted this language:
 
 
 7
 The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment.
 
 
 8
 366 U.S. at 303, 81 S.Ct. at 1346. The support agreement in Lester made no specific allocation of payments between alimony and child support, but contained a reduction clause providing that one-sixth of the payments would cease upon the marriage, death, or emancipation of each of the couples' three children. The agreement further provided that on the wife's remarriage all payments would cease. The Court found this agreement insufficient to "fix" a portion of the payment as child support. The Brock's support agreement differs from the agreement in Lester only in that the remarriage of Ms. Brock would operate to convert the alimony payments into child support payments of $100 per month for each child. This provision, however, is expressly contingent on Ms. Brock's remarriage. It cannot transform alimony payments into child support payments until it becomes operative. See Weil v. Commissioner of Internal Revenue, 240 F.2d 584, 588 (2d Cir. 1957), quoted in Commissioner of Internal Revenue v. Lester, 366 U.S. 299, 306 n.6, 81 S.Ct. 1343, 6 L.Ed.2d 306 (1961). During the period here in question, Ms. Brock remained unmarried. In Fryer v. Commissioner of Internal Revenue, 434 F.2d 67 (2d Cir. 1970), the Second Circuit held a substantially identical support agreement to lack the specificity required by § 71(b) and Lester.
 
 
 9
 Ms. Brock argues that Commissioner of Internal Revenue v. Gotthelf, 407 F.2d 491 (2d Cir. 1969), cert. denied, 396 U.S. 828, 90 S.Ct. 78, 24 L.Ed.2d 79 (1969), and West v. United States, 413 F.2d 294 (4th Cir. 1969), compel a contrary result. The divorce decrees in both cases contained clauses providing for a reduction in the payment if the wife remarried or a child reached the age of 21. Unlike the instant case, however, the agreements at issue in both Gotthelf and West contained additional language found sufficient to fix the amount of child support payments. Indeed, both courts intimated that had the support agreement contained only the reduction clauses, as in this case, the specificity requirements of Lester would not be satisfied.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I