## 34447. TAYLOR v. TAYLOR.

PER CURIAM.

Todd J. Taylor brought an action to modify a previous award of permanent alimony of $150 per month granted to his former wife in a 1974 divorce decree in which the court incorporated an agreement between the parties. He alleged the former wife's subsequent voluntary cohabitation with a man and her marriage to him as grounds for modification.

The former wife denied the allegations and moved for summary judgment asserting that the provisions of the Act of 1977 (Ga. L. 1977, pp. 1253, 1255; Code Ann. § 30-220 (b)), cannot be applied retroactively to permit modification of an alimony award based upon subsequent voluntary cohabitation when the alimony judgment was entered prior to the effective date of the Act. She also attacked the statute's constitutionality arguing that it

---

attempted to control the social lives and relationships of former wives in violation of the equal protection clauses of the Federal and State Constitutions, and that in attempting to define "cohabitation" the statute is so vague and unclear as to be violative of due process.

By interrogatories, the former husband requested the marital status of each person who lived permanently or stayed for any period of time in the same residence with the former wife. The former wife filed objections that such information was an invasion of her privacy and further that such information was irrelevant and could not lead to the discovery of admissible evidence. In support of her motion for summary judgment, the former wife stated that the man in question had at all times been living and working in a different community and that he continued to reside in that location.

The trial court granted the former wife's motion for summary judgment based on *McClain v. McClain,* 241 Ga. 422 (246 SE2d 187) (1978).

1. We declared section 1(b) of the 1977 Act (Ga. L. 1977; pp. 1253, 1255; Code Ann. § 30-220(b)) unconstitutional in *Sims v. Sims,* 243 Ga. 275 (1979). In view of that decision, the grant of the wife's motion for summary judgment as to that portion of the complaint will not be reversed.

2. The former husband argued that if his former wife has remarried he is entitled to modify his alimony obligation so as to cease all payment. Code Ann. § 30-209. We treat this as a claim and prayer for declaratory judgment.

Code Ann. § 30-209 provides that all alimony obligations to the wife cease upon remarriage unless otherwise provided in the decree.[1] There is no dispute that the agreement incorporated into the decree likewise provided that the former husband's obligation would cease in the event of the wife's remarriage.

The former wife's general denial of the former husband's complaint, her objections to interrogatories

---

[1] The wife has not challenged the constitutionality of § 30-209.

concerning the marital status of person or persons cohabiting with her, and her affidavit that the named individual resided in a different community, do not negative the possible existence of a common law marriage and hence do not entitle the wife to summary judgment as a matter of law. On motion for summary judgment, the movant has the burden of establishing the nonexistence of any issue of material fact. Code Ann. § 81A-156 (c); *Henderson v. Henderson,* 231 Ga. 372 (202 SE2d 82) (1973). Whether a man and a woman have entered into a common law marriage is a question of fact. See *Satterfield v. Satterfield,* 236 Ga. 155 (223 SE2d 136) (1976); *Lefkoff v. Sicro,* 189 Ga. 554, 571 (6 SE2d 687) (1939). A husband may be relieved of his obligation to pay alimony by the subsequent common law marriage of his former wife to another man. *Branch v. Branch,* 219 Ga. 601, 602 (2) (135 SE2d 269) (1964); *Beebe v. Beebe,* 227 Ga. 248 (179 SE2d 758) (1971).

Under the evidence in this case, we find that the former wife has failed to carry her burden of showing that no marriage existed. It follows that the trial court erred in granting her motion for summary judgment.

*Judgment reversed. All the Justices concur.*

SUBMITTED JANUARY 12, 1979 — DECIDED APRIL 17, 1979.

*J. Eugene Wilson,* for appellant.
*J. Robert Joiner,* for appellee.