## 35208. BURNS v. RIVERS.

NICHOLS, Chief Justice.

The former wife appeals from an order refusing to find the former husband in contempt for nonpayment of alimony for her. He ceased the payments after the date of her remarriage.

The relevant provision of their agreement as incorporated into their final judgment and decree of divorce states: "The husband shall pay to the Wife as alimony and child support the sum of $650.00 per month for her support and maintenance and for the support, maintenance and education of the minor child. Upon the minor's 18th birthday or his death, marriage or if he should otherwise become self-supporting, the aforesaid payments shall be reduced by a sum of $250.00 per month."

The trial court held that the former husband's obligation under the quoted clause was abated by the sum of $400 ($650 minus $250) upon the remarriage of the former wife. She appeals, urging the applicability of various cases, each of which is distinguishable on its facts. This court affirms.

She contends that the award to her and the child cannot be prorated between them. In *Lord v. Lord,* 231 Ga. 164 (200 SE2d 759) (1973), the rule against proration was applied because the decree provided no mathematical basis for the one-half proration being sought. The trial court's mathematical computations in the present case are founded upon the fact that should any of the various conditions applicable to the child occur, the alimony for the wife, as expressly provided for in the decree would be

$400 per month. His computations thus find basis in the parties' agreement incorporated into their final judgment and decree of divorce.

In *Edwards v. Edwards,* 235 Ga. 199 (219 SE2d 117) (1975), various cases denying proration between a wife and children were applied to deny proration between children where the condition for the $100 reduction set forth in the decree — that is, the attainment by each child of age 18, had not occurred; rather, another condition not stated in the decree had occurred — that is, the child's choice to live with his father after the child was over age 14. The appellant urges that *Edwards* controls the present case because none of the conditions for the reduction of $250 stated in the decree — that is, the child's attainment of age 18, his death, his marriage, or his becoming self-supporting — has occurred. This argument entirely misses the point. It is *not* necessary for an agreement incorporated into a decree to provide expressly that alimony for the wife shall cease upon her remarriage because Code Ann. § 30-209 expressly provides that such obligations cease upon her remarriage "unless otherwise provided." Accordingly, it is the law of Georgia that appellant's alimony payments of $400 per month would cease (there being no provision in the decree to the contrary) upon her remarriage *if* any one of the conditions of the decree as to the child's $250 per month entitlement previously had occurred. For instance, if the child is over 18 years of age and, accordingly, the $250 per month for the child has ceased in accordance with the decree, and the wife is receiving, in accordance with the decree, her $400 per month, after which event she remarries, no one, we trust, would contend that she does not thereby terminate her right to receive the $400 per month payments of alimony.

Because none of the conditions as to the child has occurred, is the result to be different? The result would not be different because of anything held in *Vereen v. Arp,* 237 Ga. 241 (227 SE2d 331) (1976), which involved the provision of a dwelling place for the wife *and the children.* The obligation for the children in that case continued unabated because the agreement expressly provided that the obligation would continue for so long as the wife had

custody of the children even though she might remarry. *Vereen,* in other words, involved continuation of the father's obligation for his children, despite the mother's remarriage. The present case involves only the continuation of his obligation to his former wife, since he concedes his continuing $250 per month obligation for his child. The result would not be different because of anything held in *Blalock v. Blalock,* 214 Ga. 586 (105 SE2d 721) (1958), which cited and relied upon four earlier decisions in which no mathematical basis for proration appeared in the decrees. This court in *Blalock,* declined to prorate between the wife and the children, although the agreement allowed a reduction of $15 per month as each child attained majority. *Blalock,* however, involved policy considerations substantially different from those in the present case, for there the husband who had remarried his former wife and subsequently had been divorced from her a second time sought to set up their remarriage as a basis for the *absolute invalidity* of their first decree awarding alimony for the wife *and their children.* This court held that the former husband properly was held in contempt "since there was ample evidence to support the findings of the court that the defendant could have made an effort, and possessed the ability, to pay something *for the support of his children.*" 214 Ga. 588 (Emphasis supplied.) The father in the present case makes no effort to avoid paying the $250 due for his child until the child attains age 18, dies, marries, or becomes self-supporting. Rather, he merely seeks to assert his right under Code Ann. § 30-209 to stop financially subsidizing his former wife now that she has taken another mate. The vast distinction between the present case and *Blalock* should need no further illustration.

The trial court correctly held that the alimony for the former wife in the monthly sum established by the decree abated upon her remarriage.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., Bowles and Marshall, JJ., who dissent.*

SUBMITTED AUGUST 30, 1979 — DECIDED OCTOBER 23, 1979 — REHEARING DENIED NOVEMBER 6, 1979.

*Peek & Whaley, John E. Sacker, Jr.,* for appellant.
*Stanley C. Coker,* for appellee.