Thomas G. STREALDORF and June G. Strealdorf, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 82–8593.

United States Court of Appeals, Eleventh Circuit.

March 12, 1984.

Joseph H. Fowler, Douglasville, Ga., for petitioners.

Kenneth W. Gideon, Chief Counsel, IRS, Robert B. Miscavich, Glen L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, William P. Wang, Tax Div. U.S. Dept. of Justice, Washington, D.C., for respondent.

Before HILL and KRAVITCH, Circuit Judges, and MORGAN, Senior Circuit Judge.

## PER CURIAM:

In this appeal we are asked to review the Tax Court's decision that certain payments made by Thomas G. Strealdorf to his former wife are child support and not deductible from his gross income for federal income tax purposes. Strealdorf claims that the payments are a combination of alimony and child support, and therefore the payments should be treated as alimony which is a deductible expense. After a careful review of the record and relevant law we affirm on the basis of the Tax Court's opinion and attach that opinion hereto as an appendix. We find it necessary to add only a few words to address Strealdorf's argument on appeal.

The result of this case may appear somewhat unusual at first glance. The Tax Court found that payments made by Strealdorf to his former wife were alimony until she remarried, and at that point the nature of the same payments automatically converted to child support for income tax purposes. This rather peculiar situation is caused by the mixed application of a broad Internal Revenue Service rule and a specific provision of Georgia law. The matter is further complicated by the failure of Strealdorf and his former wife to contemplate tax consequences while seeking their divorce.

The Strealdorf divorce decree provided that he was to pay $555 a month to his former wife as "alimony and child support," but the sum was to be reduced one-third as each of their three children no longer needed support. In other words, his obligation to make any payments was contingent on the needs of the three children. The divorce decree did not make any separate provision for the needs of Strealdorf's former wife other than to use the word "alimony" in describing these payments. Because the payments were described as part alimony and part child support, Strealdorf was able to take advantage of an IRS rule which *treats* mixed payments as all alimony regardless of the true nature of the payments. *See Brock v. Commissioner of Internal Revenue*, 566 F.2d 947 (5th Cir.1978). When Strealdorf's former wife remarried he was no longer obligated to make alimony payments under Georgia law unless the divorce decree specifically provided for it, O.C.G.A. § 19–6–5 (Michie 1982), Ga.Code Ann. § 30–209 (Harrison 1980), *Burns v. Rivers*, 244 Ga. 631, 261 S.E.2d 581 (1979), and alimony is not deductible unless it is a legal obligation. Therefore, the crucial issue in this case is whether the Strealdorf divorce agreement specifically obligated him to make "alimony" payments after her remarriage.

Our dissenting brother relies on *Wiley v. Wiley*, 243 Ga. 271, 253 S.E.2d 750 (1979), a case in which the Georgia Supreme Court briefly discussed this issue in a similar context. The Wiley divorce decree specifically stated: "It is the intention of the parties that the alimony for the wife shall cease if and when the child support ceases." The agreement further provided that the husband was to continue house and car payments for the wife unless she remarried. The Georgia Supreme Court concluded that these provisions evidenced a specific intent to continue alimony payments even if the wife remarried. Her remarriage was obviously contemplated by the parties and alimony payments were specifically continued until child support ceased. The Strealdorf divorce decree does not contain similar, or any language which evidences a specific intent to continue alimony payments after her remarriage. Accordingly, his legal obligation to pay alimony ended with her remarriage and the nature of the lump-sum

payments automatically converted to child support for income tax purposes. In other words, in Georgia the remarriage of a former wife operates to deprive a divorced husband of the Internal Revenue Service's presumption of tax deductible alimony-status for lump-sum payments unless the divorce decree specifically provides for the continuation of alimony.

AFFIRMED.

APPENDIX

T.C. Memo. 1982–334

## UNITED STATES TAX COURT

LEE SWINK HENRY and SARESS DAWSON HENRY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent

THOMAS G. STREALDORF and JUNE G. STREALDORF, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 9103–80, 14814–80.

Filed June 16, 1982.

H and W were divorced in 1975. Under the divorce decree, W was awarded custody of their three minor children, and H was required to make monthly payments to W for the support of W and such children. Such payments were to be reduced by one-third as each child reached majority or otherwise was no longer required to be supported. W remarried in 1975, and H continued to make such payments. *Held,* under Georgia law, H's legal obligation to pay alimony to W ceased on her remarriage, since the divorce decree did not otherwise provide. Therefore, H's payments to W made after her remarriage were child support payments, neither includable in her income under sec. 71(a)(1), I.R.C. 1954, nor deductible by H under sec. 215(a), I.R.C. 1954.

*Janice Burns King,* for the petitioners in docket No. 9103–80.

*Joseph H. Fowler,* for the petitioners in docket No. 14814–80.

*Bonnie L. Cameron,* for the respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

SIMPSON, Judge:

The Commissioner determined a deficiency of $2,015.00 in the Federal income tax of Lee and Saress Henry for 1977 and a deficiency of $2,082.00 in the Federal income tax of Thomas and June Strealdorf for 1977. After concessions by Mr. and Mrs. Strealdorf, the sole issue for decision is whether payments made by Mr. Strealdorf to his former wife, Mrs. Henry, are alimony or child support.

## FINDINGS OF FACT

Some of the facts have been stipulated, and those facts are so found.

The petitioners, Lee Swink and Saress Dawson Henry, husband and wife, resided in Marietta, Ga., at the time they filed their petition in this case. They filed their joint Federal income tax return for 1977 with the Internal Revenue Service Center, Chamblee, Ga.

The petitioners, Thomas G. and June G. Strealdorf, husband and wife, resided in Douglasville, Ga., at the time they filed their petition in this case. They timely filed their joint Federal income tax return for 1977 with the Internal Revenue Service Center, Chamblee, Ga.

Prior to 1975, Mr. Strealdorf married Saress Dawson (now Mrs. Henry). Three children were born of such marriage:

| Name | Date of Birth |
| --- | --- |
| James Dawson Strealdorf | July 31, 1962 |
| Thomas George Strealdorf, Jr. | Oct. 14, 1963 |
| Sue Ann Strealdorf | Nov. 18, 1965 |

In June 1975, a final judgment and decree dissolving such marriage was entered by the Superior Court of Cobb County, Ga.

Such decree awarded custody of the three children to Mrs. Henry and further provided, in part:

the defendant [Mr. Strealdorf] shall pay, or cause to be paid, to the plaintiff [Mrs. Henry], the sum of Five Hundred and Fifty-five Dollars ($555.00) per month as alimony and child support, for the support of herself and the said three minor children. Said payments are to be reduced by one-third as each child dies, marries, reaches age 18, or becomes sooner self-supporting. If, however, the individual child enrolls full-time in a post secondary school or college, said support payments will continue until completion of a regular program.

Neither Mr. Strealdorf nor Mrs. Henry ever discussed the tax consequences of such payments.

In October 1975, Mrs. Henry married Mr. Henry. In approximately November 1975, Mr. Strealdorf learned of the remarriage of his former wife. He continued making payments pursuant to the divorce decree. However, during June, July, and August 1976, he made payments of only $300 per month to Mrs. Henry. Mr. Strealdorf's reason for making such reduced payments was that he had insufficient funds due to the payment of large dental expenses for his children. In August 1976, Mrs. Henry instituted a court proceeding against Mr. Strealdorf in which she requested that he be held in contempt for failure to make the full amount of the monthly payments for June through August. In September 1976, the Superior Court of Cobb County, Ga., dismissed such proceeding since Mr. Strealdorf had paid such arrearage. In its order, the Superior Court characterized such payment as "unpaid child support."

During the period January through November 1977, Mr. Strealdorf paid to Mrs. Henry the amount of $555 per month. In November 1977, Mrs. Henry and Mr. Strealdorf entered into an agreement whereby the custody of their oldest child, James, was transferred from Mrs. Henry to Mr. Strealdorf. Such agreement further provided that:

the child support payments made to Saress D. Henry by Thomas G. Strealdorf are to be reduced by one third, from $555.00 per month to $370.00 per month, unless and until said James D. Strealdorf returns to the custody of his mother, when the amount shall revert to $555.00 per month, as per the original court order and judgment.

In December 1977, pursuant to such agreement, Mr. Strealdorf paid $370 to Mrs. Henry. Thus, during 1977, Mr. Strealdorf paid the total sum of $6,475 to Mrs. Henry.

On their return for 1977, Mr. and Mrs. Strealdorf deducted as alimony payments the $6,475 paid to Mrs. Henry. On their return for 1977, Mr. and Mrs. Henry did not include such payments in their gross income. In his notices of deficiency, the Commissioner disallowed the deduction claimed by Mr. and Mrs. Strealdorf and determined that such payments constituted alimony, includable in the gross income of Mr. and Mrs. Henry.

## OPINION

The issue for decision is whether the amounts paid during 1977 by Mr. Strealdorf to his former wife, Mrs. Henry, constitute alimony, deductible by him and includable in her gross income, or whether such payments constitute child support, neither deductible by him nor includable in her gross income. The Commissioner, for protective reasons, has taken inconsistent positions in his notices of deficiency. However, at trial and on brief, it is his position that such payments are alimony.

Section 71(a) of the Internal Revenue Code of 1954 [1] provides generally that if a wife is divorced from her husband under a decree of divorce, the wife's gross income includes periodic payments received after the decree "in discharge of * * * a legal obligation which, because of the marital or family relationship is imposed on or incurred by the husband under the decree"

1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue, unless otherwise indicated.

(emphasis added). However, section 71(b) provides that the general rule of section 71(a) shall not apply to that part of any payment which "the terms of the decree * * fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband." Thus, where periodic payments are received by the wife for the support and maintenance of herself and the minor children of the husband, the provisions of section 71(b) do not apply unless the decree fixes, by specific designation, the amount or percentage of such payments which are for the support of the minor children. If the portion which is for the support of the minor children is not so fixed, the full amount of the payments is includable in the income of the wife. Sec. 1.71–1(e), Income Tax Regs.; *Commissioner v. Lester,* 366 U.S. 299, 81 S.Ct. 1343, 6 L.Ed.2d 306 (1961); *Brock v. Commissioner,* 566 F.2d 947 (5th Cir.1978), affg. a Memorandum Opinion of this Court; *Abramo v. Commissioner,* 78 T.C. 154 (1982).

The parties agree that if only the divorce decree were involved, the full amount of the payments would be alimony, since such payments were periodic and there was no specific designation of the amount or percentage of such payments which was for the support of the minor children. See *Commissioner v. Lester, supra; Brock v. Commissioner, supra.* However, the Henrys contend that under Georgia law (section 30–209, Georgia Code Annotated (1968)), Mr. Strealdorf's obligation to pay alimony ceased upon Mrs. Henry's remarriage. Hence, they argue that the payments in 1977 were not made in discharge of a legal obligation within the meaning of section 71(a) and therefore do not constitute alimony.

Generally, the applicability of section 71(a) rests not on the decree itself, but on the existence of a "legal obligation" which is made specific by the decree. *Hoffman v. Commissioner,* 54 T.C. 1607, 1610 (1970), affd. per curiam 455 F.2d 161 (7th Cir.1972). Although the characterization of a payment under State law does not control its Federal tax consequences, State law is determinative of the existence of a "legal obligation" for purposes of section 71(a)(1). *Hoffman v. Commissioner, supra; Brown v. Commissioner,* 50 T.C. 865 (1968), affd. per curiam 415 F.2d 310 (4th Cir.1969).[2] Thus, where State law imposes no legal obligation to pay alimony after the remarriage of the former wife, the payments to her after her remarriage are neither includable in her income under section 71(a)(1) nor deductible by the husband under section 215(a). *Hoffman v. Commissioner, supra; Brown v. Commissioner, supra;* compare *Blakey v. Commissioner,* 78 T.C. 963 (1982). Because Mr. Strealdorf and Mrs. Henry were divorced under Georgia law, we must look to the law of that State to determine whether, after their divorce, Mr. Strealdorf had a continuing legal obligation to make alimony payments to Mrs. Henry.

Under Georgia law, the duty of a father to provide support and maintenance for his minor children does not cease upon the remarriage of his former wife. *Wimpey v. Pope,* 246 Ga. 545, 272 S.E.2d 278, 279 (1980); *Vereen v. Arp,* 237 Ga. 241, 227 S.E.2d 331, 333 (1976); *McCarty v. Wiggins,* 232 Ga. 711, 208 S.E.2d 812, 813 (1974). However, with respect to the continuation of alimony, section 30–209, Georgia Code Annotated (1968), provides, in part:

All obligations for permanent alimony to the wife, whether created by contract, verdict, judgment, or decree, the time for performance of which has not yet arrived, *shall cease upon her remarriage unless otherwise provided in the decree.*[3] [Emphasis added.]

---

2. In some situations, the treatment of periodic payments as alimony under sec. 71(a) does not depend upon the existence under State law of a legal obligation to make such payments. See *Taylor v. Campbell,* 335 F.2d 841 (5th Cir. 1964); *Kern v. Commissioner,* 55 T.C. 405 (1970); *Newbury v. Commissioner,* 46 T.C. 690 (1966).

3. Such section was amended in 1979. As so amended, it provided, in relevant part:

All obligations for permanent alimony to a party, whether created by contract, verdict, judgment, or decree, the time for performance of which has not arrived, shall cease upon remarriage of the party to whom such obligations are owed unless otherwise provided. [Sec. 30–209, Ga.Code Ann. (1980).]

It is well settled in the Georgia cases interpreting such statute, and the parties do not contend otherwise, that a husband's legal obligation to pay alimony automatically terminates upon the remarriage of his former wife unless otherwise provided in the decree. *Woodward v. Woodward,* 245 Ga. 550, 266 S.E.2d 170, 171 (1980); *Taylor v. Taylor,* 243 Ga. 506, 255 S.E.2d 32, 33 (1979); *Wiley v. Wiley,* 243 Ga. 271, 253 S.E.2d 750, 751 (1979); *Vereen v. Arp, supra.* Mrs. Henry remarried in 1975; therefore, under Georgia law, Mr. Strealdorf had no legal obligation to continue making alimony payments to her unless the divorce decree "otherwise provided."

In *Wiley v. Wiley, supra,* the agreement of the parties provided for the support of their two minor children and provided for alimony for the wife. However, such alimony payments were to be reduced by one-half upon the cessation of support payments for each child; "[i]t is the intention of the parties that the alimony for the wife shall cease if and when the child support ceases." 253 S.E.2d at 750. The wife remarried, and the husband discontinued making the alimony payments, although he continued making the child support payments. Analyzing such agreement, the court pointed out that although the parties did not specifically provide that the alimony payments were to survive the wife's remarriage, neither did the agreement mention remarriage as a condition that would terminate the alimony, as was provided in other parts of the agreement. The court focused on the above-quoted language and concluded that the parties had contemplated that the alimony payments would coincide with the period of time when the minor children were to be supported and would survive the wife's remarriage. Thus, the court found that the parties had "otherwise provided," and that therefore the provisions of Georgia section 30–209 were inapplicable.

In *Vereen v. Arp, supra,* the agreement of the parties provided, in part, that the husband was required to maintain a home for his minor children and their legal custodian, his former wife. The wife remarried, and the husband sought to terminate such obligation. The court held that such obligation was for the support of his minor children and therefore was not terminated by the remarriage of his former wife. It is clear that the facts of *Wiley v. Wiley* and *Vereen v. Arp* are distinguishable from those of the present case.

More significant in deciding the present case is the case of *Burns v. Rivers,* 244 Ga. 631, 261 S.E.2d 581 (1979). There, the agreement of the parties and the decree of divorce stated that the husband was to pay to his former wife:

> " * * * as alimony and child support the sum of $650.00 per mnth for her support and maintenance and for the support, maintenance and education of the minor child. Upon the minor child's 18th birthday or his death, marriage or if he should otherwise become self-supporting, the aforesaid payments, shall be reduced by a sum of $250.00 per month." [261 S.E.2d at 582.]

The trial court found, and the Supreme Court of Georgia affirmed, that the husband's obligation was abated by the sum of $400 per month upon his former wife's remarriage. The court reasoned that if any of the conditions applicable to the child occurred, the former wife would continue to be entitled to receive alimony of $400 per month. The Supreme Court of Georgia held that it was not necessary for the agreement to expressly provide that alimony for the wife should cease upon her remarriage because Georgia section 30–209 expressly provides that such obligation ceases upon remarriage and because, under the terms of the agreement and the decree, there was "no provision * * * to the contrary." 261 S.E.2d at 583. The court pointed out that *Vereen v. Arp, supra,* was distinguishable.

The decree dissolving the marriage of Mr. Strealdorf and Mrs. Henry provided that the $555-per-month payments were for ali-

Such section was again amended in 1981, effective as of April 7, 1981. As so amended, paragraph (b) of such section is substantially identical to the language of the 1979 amendment. Ga.Code Ann. (Supp.1981).

mony and child support and that such payments were to be reduced by one-third as each of their three children reached majority or otherwise was no longer required to be supported. There was no expressed indication that such payments should end or continue in the event of the remarriage of Mrs. Henry; yet, under *Wiley v. Wiley, supra,* it seems clear that the Georgia courts would construe the decree to require that the payments be continued so long as any of the children was entitled to the support, notwithstanding the remarriage of Mrs. Henry. Such a construction of the decree would rest on Mr. Strealdorf's continuing obligation to support the children and an interpretation of the decree that the payments were for the support of the children. Unlike *Burns v. Rivers, supra,* the decree in the present case required no payments to be made to Mrs. Henry in excess of those to be used for the support of the children, and consequently, there was nothing in the decree to indicate that any payments for her should continue beyond her remarriage. Thus, we find and hold that under Georgia law, Mr. Strealdorf had no continuing legal obligation to make alimony payments to Mrs. Henry after her remarriage. Therefore, the payments to her are neither includable in her income under section 71(a)(1) nor deductible by him under section 215(a). *Hoffman v. Commissioner, supra; Brown v. Commissioner, supra.*

To reflect the foregoing and the Commissioner's determination that James was a dependent of the Henry's during 1977,

*Decision will be entered under Rule 155 in docket No. 9103–80.*

*Decision will be entered for the respondent in docket No. 14814–80.*

JAMES C. HILL, Circuit Judge, dissenting:

The parties agree that because the divorce decree did not specify or fix a sum certain or percentage of the payments for child support, the entire amount of Mr. Strealdorf's payments to his former wife before her remarriage was properly treated for tax purposes as alimony. The tax court held that after the wife's remarriage the entire amount became child support. I find the tax court's decision illogical and contrary to Georgia law.

Under Ga.Code Ann. § 30–209 (1968), the obligation for alimony ceases upon the wife's remarriage "unless otherwise provided in the decree." The plain and unambiguous language of the decree provides that Mr. Strealdorf shall pay his former wife $550 per month as "alimony and child support, for the support of herself and the three minor children." The decree further reads that "said payments," referring to alimony and child support payments, are to be reduced by one-third as each child dies, marries, reaches age 18, or becomes self-supporting.

In *Wiley v. Wiley,* 243 Ga. 271, 253 S.E.2d 750 (1979), payments to the wife were to continue until the wife died, except that the amount was to be reduced by one-half upon each child's attaining the age of 18, dying, or marrying, or if custody of the child changed from the wife to the husband. The court found that the agreement indicated the parties' contemplation that the payments would coincide with the period of time when the children were to be supported and would survive the wife's remarriage, even though the payments were in the nature of alimony to the wife. The husband argued that under section 30–209 an agreement must specifically state that the remarriage of the wife will not terminate her right to alimony and the parties' failure so to specify showed their intent that the payments were not to survive the wife's remarriage. The court rejected the husband's contention, holding that the parties otherwise provided in the agreement to allow the alimony to continue. Therefore, the automatic termination provision in section 30–209 would not apply.

As I read *Wiley,* the rule in Georgia is that where the parties agree to make the alimony payments coincide with the period of time when the children shall receive support, the parties have "otherwise provided" for alimony to continue after remarriage. This is what the parties provided for in this case—alimony payments to the wife and payments for child support shall both continue until the children no longer need sup-

port. Indeed, it makes good sense for a husband to provide alimony during the period when the children are young as the former wife may need the money in order to be able to devote more of her time to the needs of their children. When the children become self-supporting, there may be less need for the alimony since the ex-wife can then devote more of her available time to supporting herself. The tax court apparently concluded that the decree evidences an intent only to provide for the welfare of the children since all payments cease when the children no longer need support. This conclusion overlooks the reasoning in *Wiley* and the fact that there are reasons for alimony payments to coincide with the years when part of the wife's energies are diverted by the task of raising the children.

The tax court's decision relied primarily on *Burns v. Rivers*, 244 Ga. 631, 261 S.E.2d 581 (1979), but the case illustrates the error of the tax court's determination that the payments must be treated exclusively as child support. In *Burns*, the divorce decree required the husband to pay the wife $650 as alimony and child support for the wife's support and maintenance and for the support, maintenance, and education of the minor child. The decree further provided that upon the child's 18th birthday, death, marriage, or becoming self-supporting, the payments shall be reduced by $250 per month. The court held that there was a basis in the parties' agreement for the trial court to prorate the award between the wife and the child because the decree expressly provided that the wife would continue to receive $400 even after the child no longer received his $250 per month in support. Thus, the court concluded that because the decree could be prorated and because the agreement only provided for the conditions under which child support would cease and not for the conditions under which alimony would cease, the parties did not "otherwise provide" for the alimony to continue after remarriage.

In the present case, the tax court prorated the decree to provide $550 for child support and none for alimony although this finding has no basis in the decree. "An alimony decree awarding a given sum for the support of the wife and children is an award to the group as a family unit and cannot be prorated among the wife and children except as specifically provided in the decree." *Edwards v. Edwards,* 235 Ga. 199, 200, 219 S.E.2d 117, 118 (1975); *accord Lord v. Lord,* 231 Ga. 164, 200 S.E.2d 759 (1973); *Adams v. Adams,* 225 Ga. 375, 376, 169 S.E.2d 160, 161 (1969); *Blalock v. Blalock,* 214 Ga. 586, 587–88, 105 S.E.2d 721, 723 (1958). Applying the court's holding in *Blalock* to the facts of our case, while the decree in this case allows a reduction of one-third as each child becomes self-supporting, "the award is to the group as a family unit, and this court can not attempt to construe or clarify the decree so as to attempt to separate the amount awarded to the mother from the amount awarded to the children." 214 Ga. at 588, 105 S.E.2d at 723.

Unlike *Burns,* the decree in our case is to the wife and children as a group and provides no basis for the tax court's mathmatical computations. Therefore, the tax court's attempt to divide the group award between the wife and the children and attribute all the payment to child support was error. The tax court's proration also violates the rule that favors the construction of a contract that gives meaning and effect to all of the terms over the construction that nullifies and renders meaningless a part of the contract's language. *See, e.g., Burch v. Ragan,* 92 Ga.App. 605, 607, 89 S.E.2d 541, 543 (1955); Restatement (Second) of Contracts § 203(a) (1981). The tax court's construction of the decree makes the terms "alimony" and "for the support of herself" meaningless because it concludes that the full amount of the payments were for the support of the children.

Therefore, because I think that under *Wiley v. Wiley* and section 30–209 the parties have "otherwise provided" for the alimony payments to continue until the children no longer need support, I dissent. I would hold that the payments continued to be alimony for tax purposes even after remarriage. The tax court's attempt to prorate the alimony and child support and its effort to write the term alimony out of the decree is contrary to established Georgia

law. The error of the tax court can be seen from simply stating its anomalous conclusion: The payments to the wife are just for child support and have always been just for child support even though the divorce decree expressly provides that the payments are for "alimony and child support" and "for the support of the wife and the said three minor children" and even though the parties agree that the payments before the wife's remarriage were properly treated as entirely alimony.