WILLIAM D. ROBERTS, JR. AND NANCY J. ROBERTS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roberts v. Commissioner
Docket No. 23080-87
United States Tax Court
T.C. Memo 1989-435; 1989 Tax Ct. Memo LEXIS 434; 57 T.C.M. (CCH) 1331; T.C.M. (RIA) 89435; August 17, 1989
James B. Davis, for the petitioners. Dawn M. Krause, for the respondent. COUVILLION
MEMORANDUM FINDINGS OF FACT AND *435 OPINION COUVILLION, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986. [1]
Respondent determined deficiencies in petitioners' Federal income taxes for the years 1983 and 1984 in the amounts of $ 3,567 and $ 3,999, respectively. After concessions by the parties the sole issue for decision is whether payments received by Nancy J. Roberts (petitioner) from her former husband constituted taxable alimony income under section 71(a). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and annexed exhibits are incorporated herein by reference. At the time the petition was filed, petitioners were legal residents of Medina, Ohio. Petitioner and her former spouse, Daniel Jeffries (Jeffries), were granted a dissolution of marriage on April 25, 1977, under Ohio law. Petitioner and Jeffries previously had entered *436 into a settlement agreement, which was approved and ordered into execution by the state court's dissolution of marriage decree. Paragraphs 5 and 12(b) and (c) of the parties' settlement agreement provided as follows: 5. SUPPORT
Subject to such other provisions of this Agreement as may be applicable, the husband shall make periodic payments to the wife as support for her and the children and for each of their use, benefit and maintenance the sum of $ 1,000 per month, commencing on the first day of the month following the signing of this Agreement, which monthly payment is subject to the following conditions and reservations: (a) At the conclusion of five (5) years or upon the death or remarriage of the Wife, whichever occurs first, the total monthly support shall be reduced to $ 750.00. (b) Total monthly support shall be further reduced by the sum of $ 250.00 as each of the minor children becomes 18 years of age, marries, becomes gainfully employed or dies. (c) The foregoing periodic payments shall cease altogether upon the death of the Husband or upon the Husband becoming the custodial parent. * * * 12. TAXES
* * * (b) The parties understand and agree that *437 the support to be paid by the Husband in accordance with paragraph 5 above shall result in a tax deduction to the Husband and a tax liability to the Wife. (c) So long as subparagraph (b) above remains operative, the parties agree that the Wife shall take the minor children of the parties as legal dependents on her personal income tax returns. In 1982, petitioner was granted a modification of the support obligation in the settlement agreement by the State of OhioCuyahoga County Common Pleas Court, Division of Domestic Relations. The monthly support payment was modified, effective March 1982, to require Jeffries to pay $ 900 per month "for the support of the 3 minor children." Jeffries appealed the order to the Eighth District Court of Appeals of Ohio. Relying on the express terms of the parties' settlement agreement, the appellate court modified the decision by attributing the support payments to the wife and children collectively. On April 24, 1982, petitioner married her current spouse, petitioner William D. Roberts, Jr. During 1983 and 1984, Jeffries' payments to petitioner were in the amounts of $ 12,096.78 and $ 8,850, respectively. Petitioners contend that the payments *438 received during 1983 and 1984 were not taxable because (1) the appellate court's order attributing the payments to petitioner and the children collectively was contrary to Ohio law, and (2) Jeffries was under no legal obligation to pay alimony after petitioner's remarriage. OPINION Section 71(a) provides generally that gross income includes periodic payments received in discharge of a legal obligation imposed under a divorce decree or under a written instrument incident to a divorce or separation. Section 71(b) provides that section 71(a) shall not apply to any part of such payment which is fixed as a sum payable for the support of minor children of the payor. Commissioner v. Lester, 366 U.S. 299 (1961), held that a mere reduction in the amount of a support payment upon the occurrence of an event does not "fix" a sum as payable for child support within the meaning of section 71(b). Neither petitioners nor respondent suggested that payments under the initial support agreement were other than taxable income. Such initial payments fell squarely within Lester, as was the intent of the contracting parties. At issue, however, is the character of the payments *439 by Jeffries under the modified agreement after 1982. The modification of the support agreement by the Ohio trial court specifically provided for the amount of $ 900 per month for support of the minor children. Standing alone, such a modification might be sufficient to find that a fixed sum falling within section 71(b) had been provided. See Thomson v. Commissioner, 42 T.C. 825 (1964), affd. sub nom. Metcalf v. Commissioner, 343 F.2d 66 (1st Cir. 1965). The Ohio appellate court, however, modified the trial court's order and held: "The amount of the increased payments should continue to be attributed to support for wife and the children collectively." Petitioners argue that the appellate court's action erroneously applied Ohio law because under Hunt v. Hunt, 169 Ohio St. 276, 159 N.E.2d 430 (1959), there is no obligation on a husband to pay alimony to his former wife upon her remarriage. Since petitioner had remarried, and this fact was made part of the record in the proceedings for modification of the agreement, petitioners contend that the appellate court's characterization of Jeffries' payments as support for the wife and children *440 was ineffective for Federal income tax purposes and, accordingly, Jeffries' payments were exclusively child support within the meaning of Lester. In Blakey v. Commissioner, 78 T.C. 963, 972 (1982), this Court stated: The predecessors of sections 71 and 215 were enacted to produce uniformity in the treatment of amounts paid in the nature of alimony regardless of variances in the laws of different States. Section 71(a)(1) makes no reference to alimony, and the characterization given to payments by State law is not controlling in determining their Federal income tax consequences. The basis for characterizing such payments is not the decree or written instrument itself but the "legal obligation" which is made specific by the decree or written instrument. With respect to the question of the existence of a "legal obligation," however, State law is determinative. [Citations and footnote refs. omitted; emphasis added.] It is this Court's finding that the appellate court's characterization of Jeffries' payments was not an erroneous application of Ohio law but rather an interpretation and affirmation of the initial agreement between petitioner and Jeffries. *441 This agreement expressly stated that Jeffries' payments were for the support of his wife and children. In the court proceeding for modification of the agreement, Jeffries never agreed to any modification of this provision. Therefore, the legal obligation Jeffries undertook in the initial agreement with petitioner continued and was unaffected by the proceeding to modify the agreement. The appellate court merely affirmed the legal obligation of Jeffries which was the collective support of his wife and three children. In making this determination, the appellate court considered the fact that, under the agreement, petitioner was allowed the dependency exemption of the children for tax purposes, and the parties recognized that the payments required of Jeffries would be deductible by him for Federal income tax purposes and would constitute taxable income to the wife, petitioner. The parties, therefore, intended that Jeffries' legal obligation was for the support of the wife and children. See Fryer v. Commissioner, T.C. Memo. 1969-244, affg. per curiam 434 F.2d 67 (2d Cir. 1970); Kerr v. Commissioner, T.C. Memo. 1980-226, affd. by order *442 657 F.2d 263 (2d Cir. 1981). Furthermore, under Ohio law, where a marriage is terminated by decree of dissolution, the trial court's jurisdiction extends only to matters of custody, child support, and visitation. Alban v. Alban, 1 Ohio App. 3d 146, 439 N.E.2d 963 (1981). This means that the trial court had no jurisdiction over other matters contracted between the parties, including the obligation to support petitioner. Petitioners further argue that, where the right to alimony terminates upon remarriage, there can be no "legal obligation" to make alimony payments as required by section 71(a), citing Strealdorf v. Commissioner, 726 F.2d 1521 (8th Cir. 1984), affg. a Memorandum Opinion of this Court; Hoffman v. Commissioner, 54 T.C. 1607 (1970), affd. 455 F.2d 161 (7th Cir. 1972); and Brown v. Commissioner, 50 T.C. 865 (1968), affd. per curiam 415 F.2d 310 (4th Cir. 1969). These cases involve obligations imposed either judicially or by contract, both situations being within section 71(a). See Kern v. Commissioner, 55 T.C. 405, 407 (1970). These cases, however, *443 support a finding in this case that the legal obligation continued after petitioner's remarriage, and that section 71(a) encompasses payments after remarriage intended as child support, in whole or in part, which do not fall within the exclusion of section 71(b) as interpreted by Lester. In Brown, this Court held that, where the obligation to make support payments arose solely out of a divorce decree and not pursuant to a written instrument incident to such divorce (i.e., a contract between the parties), the legal obligation to continue making payments ceased in accordance with a state statute which provided that alimony ceased upon remarriage. Brown is distinguishable from this case because petitioner and Jeffries entered into a settlement agreement. Strealdorf likewise dealt with a legal obligation which arose solely from a divorce decree. Hoffman involved both a divorce decree and a separate written agreement. Since Illinois law provided that an agreement incorporated into a divorce decree had no separate existence apart from the decree, the Court was not called upon to decide whether an independent agreement would have caused the husband's obligation to *444 continue after remarriage. See Blakey v. Commissioner, supra.
Blakey involved Virginia law, under which a separate written agreement was approved by the divorce decree but was not incorporated into or superseded by the decree. This Court held that, because the legal obligation was not imposed solely under a divorce decree but under a separate written agreement, state law providing for the termination of alimony upon remarriage was not controlling. Blakey v. Commissioner, supra at 976. Blakey is consistent with several earlier decisions of this Court which hold that state law prohibiting or terminating alimony does not prevent one from entering into a voluntary and legally binding agreement to provide support within the meaning of section 71(a). See Newbury v. Commissioner, 46 T.C. 690 (1966); Dixon v. Commissioner, 44 T.C. 709 (1965); Hogg v. Commissioner, 13 T.C. 361 (1949); and Hess v. Commissioner, 7 T.C. 700 (1946). It is, therefore, necessary to determine whether Jeffries' obligation to support petitioner was imposed solely under the decree of dissolution or *445 under a voluntary legally binding agreement. In Ohio, marriages may be terminated either by a decree of divorce or a decree of dissolution of marriage. In a decree of divorce, any written agreement of the parties which is incorporated in the divorce decree is considered superseded by the divorce decree. Wolfe v. Wolfe, 46 Ohio St.2d 399, 350 N.E.2d 413 (1976); Robrock v. Robrock, 167 Ohio St. 479, 150 N.E.2d 421 (1958); Halloway v. Halloway, 130 Ohio St. 214, 198 N.E. 579 (1935). A written agreement is neither a prerequisite to nor a component of a valid divorce decree. See Ohio Revised Code sections 3105.01 to 3105.16 (Page 1989). In the case of a dissolution of marriage, however, a separation agreement is a prerequisite, and a state court is powerless to impose any obligation on either party in the absence of a prior agreement: If, at the time of the hearing, either spouse is not satisfied with the separation agreement, or does not wish a dissolution of the marriage, the court shall dismiss the petition and refuse to validate the proposed separation agreement. [Ohio Revised Code section 3105.65(A) *446 (Page 1989).] Under this provision, a spousal support obligation can be imposed only by an independent separation agreement. Additionally, Ohio courts lack jurisdiction to alter a provision for alimony payments contained within a dissolution of marriage decree. McClain v. McClain, 15 Ohio St. 3d 289, 473 N.E.2d 811 (1984). In the case of a dissolution of marriage pursuant to Ohio Revised Code section 3105.65 (Page 1989), therefore, a legal obligation to make spousal support payments is not imposed solely by judicial decree. Because Jeffries' legal obligation to support petitioner was not imposed solely by the decree of dissolution, Jeffries' legal obligation to make support payments to her was not terminated by her remarriage. Accordingly, respondent's determination in this case is sustained. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, hereafter all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩