LINDA NEU-KRAEMER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Neu-Kraemer v. Commissioner
Docket No. 40388-84.
United States Tax Court
T.C. Memo 1986-412; 1986 Tax Ct. Memo LEXIS 194; 52 T.C.M. (CCH) 363; T.C.M. (RIA) 86412; September 3, 1986. Patience D. Roggensack, for the petitioner. James M. Klein, for the respondent. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d) of the Internal Revenue Code of 1954 and Rules 180, 181 and 182 of the Tax Court Rules of Practice and Procedure.[1]
*195 In his notice of deficiency, dated September 13, 1984, respondent determined deficiencies in petitioner's Federal income taxes for the taxable years 1980 and 1981 in the amounts of $4,562 and $3,420, respectively. [2]
The sole issue for decision is whether the payments received by petitioner, Linda Neu-Kraemer, from her former husband, David Kraemer, pursuant to their decree of divorce, are to be characterized for tax purposes as alimony or child support. Some of the facts have been stipulateds and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Madison, Wisconsin at the time she filed her petition in this case. Respondent issued separate Statutory Notices of Deficiency to both petitioner, Linda Neu-Kraemer, and her former husband, David R. Kraemer, (hereinafter Linda and David) determining deficiencies *196 in the Federal Income taxes of each party for the years 1980 and 1981. The deficiencies determined against each party were based on respondent's adopting an inconsistent position regarding the nature of the payments made by David to petitioner, Linda, pursuant to their divorce decree of December 18, 1979. Each party individually filed a petition with this Court for resolution of their respective disputes. [3] David and Linda were married on April 8, 1967. There were two children born of this marriage; Thomas David and Kerin Angela, both of whom were minors during the years involved. David and Linda were divorced on December 18, 1979. Pursuant to their divorce, David *197 and Linda, both represented throughout by their respective attorneys, negotiated a division of their marital property, which was incorporated into their divorce judgment by written stipulation. Sections three and four of the Stipulation set forth the parties' agreement concerning the support payments to be made by David to petitioner. The sections provide as follows: 3. FAMILY SUPPORT. A. The Joint Petitioner, David R. Kraemer, shall pay the sum of One Thousand Two Hundred Dollars ($1,200.00) per month to the Joint Petitioner, Linda Neu-Kraemer as and for family support for the support and maintenance of the family commencing the 10th day of the month subsequent to the final hearing in this matter. Said payments shall be made monthly, so long and until Thomas D. Kraemer obtains 18 years of age, and $600.00 monthly so long as and until Kerin A. Kraemer attains 18 years of age. B. The maintenance hereunder shall be increased or decreased by governmental national cost of living increases or decreases commencing January 1, 1981 using January 1980 as a base point. Similar changes shall be made annually thereafter during the time that maintenance is required hereunder, all predicated *198 on the year 1980 as a base point. 4. MAINTENANCE: LIMITED TIME. [4]
A. David R. Kraemer shall pay the sum of Eight Hundred Dollars ($800.00) per month to Linda Neu-Kraemer as and for maintenance payments which shall terminate upon her remarriage, death or upon the passage of 36 monthly payments, whichever occurs first. The maintenance shall not be subject to revision by the court. Said payments shall commence on the 10th day of the first month following entry of judgment herein and shall continue up to and including the 10th day of January, 1983. B. It is the intention of the parties that these maintenance payments shall be deductible for income tax purposes to the Joint Petitioner, David R. Kraemer and taxable as income to the Joint Petitioner, Linda Neu-Kraemer, under applicable state and federal law. This agreement shall be construed in accordance with such intent. On a Form 1040X for the year 1980 and on her 1981 return, petitioner treated the payments she received pursuant to Section Three of the Stipulation as child support and, accordingly, she did not include these *199 amounts as income. Respondent determined that the payments are alimony, as defined in section 71(a) of the Internal Revenue Code of 1954, and as such are taxable to petitioner as gross income. Petitioner asserts that these payments are child support, as set forth in section 71(b) and as such are not includable in her gross income for the years in questions. Section 71(a)[5] requires a taxpayer to include in gross income periodic payments received under a divorce decree in discharge of a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by the former spouse under the decree. Section 71(b) provides that subsection (a) shall not apply to that part of any payment which "the terms of the decree * * * fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband." Where the periodic payments are received by the taxpayer for the support and maintenance of himself or herself and the minor children, the provisions of section 71(b) do not apply unless the decree fixes, by specific designation, the amount or percentage of such payments which are *200 for the support of the minor children. If the portion which is for the support of the minor children is not so fixed, the full amount is includable in the recipient taxpayer's income. Section 1.71-1(e), Income Tax Regs.; Commissioner v. Lester,366 U.S. 299 (1961). Petitioner argues that the payments she received pursuant to Section Three of the divorce decree do not constitute alimony because they were not made by David in discharge of a legal obligation within the meaning of section 71(a). Additionally and in the alternative, petitioner argues that the payments were fixed by the divorce decree in compliance with section 71(b). Although the characterization of a payment under State law does not generally control the Federal tax consequences, we have held that State law is determinative of the existence of a "legal obligation" for purposes of section 71(a). Hoffman v. Commissioner,54 T.C. 1607, 1611 (1970), affd. per curiam 455 F.2d 161 (7th Cir. 1972); Brown v. Commissioner,50 T.C. 865 (1968), *201 affd. per curiam 415 F.2d 310 (4th Cir. 1969). Petitioner and her former husband entered into a written stipulation in preparation for their divorce, which set forth their agreement as to the division of their marital property and the monthly payments to be made. This stipulation was adopted by the Wisconsin Circuit Court for Dane County in the decree of divorce. The stipulation thus became merged into the decree, and subsequent thereto, the rights and obligations of the parties were dependent upon the Wisconsin Circuit Court decree. [6]
Petitioner undoubtedly relied upon the legality of the decree, and the ability of the Circuit Court of Wisconsin to render and enforce the judgment. Further, there is no dispute as to the Circuit Court's ability to proceed as such under Wisconsin law. [7] We find that a legally binding decree of divorce existed between the parties. We now look to determine whether, if at any time subsequent to the *202 entering of the judgment, a situation occurred which altered or terminated David's legal obligation to make the monthly payments to petitioner under Wisconsin law. Petitioner relies on Hoffman v. Commissioner,supra as support for the argument that David's legal obligation under section 71(a) did not exist. Petitioner's reliance on Hoffman is misdirected. In Hoffman, the former husband continued to make the monthly payments to his former wife and deduct them as alimony after his former wife had remarried. Under the laws of the State of Illinois, [8] a party is not entitled to alimony upon remarriage. In Hoffman, the Court held that Illinois law was determinative of the existence of the former husband's "legal obligation" to make alimony payments. Since there could no longer be a legal obligation for the former husband to make alimony payments to his remarried former spouse, the payments were not alimony for the purposes of section 71(a). In the case before us, there is no evidence of a remarriage or other change of circumstance, which under Wisconsin law, modifies or terminates David's legal obligation to make the monthly payments pursuant to the *203 divorce decree. Having determined that the monthly payments were made by David in discharge of a legal obligation within the meaning of section 71(a) of the Code, we now must determine the characterization of the payments for tax purposes. Petitioner argues that the payments made pursuant to Section Three of the divorce decree were fixed by the agreement as child support in accordance with section 71(b). As we have previously indicated, this matter is governed by Commissioner v. Lester,supra.See also Brock v. Commissioner,566 F.2d 947 (5th Cir. 1978); Abramo v. Commissioner,78 T.C. 154 (1982). We find the decree does not specifically fix the amount of the payments which are to be child support. The provision of the decree entitled "Family Support" states that the amount shall be paid to Linda Neu-Kraemer "as and for family support for the support and maintenance of the family." The language does not expressly state a sum certain or percentage as child support. Section 71(b) is clearly worded. The written instrument itself must fix the portion of the payments that is child *204 support. [9] The fact that the parties might have intended a different result does not satisfy the provision.
Petitioner argues that if the agreement is considered in its entirety, one would conclude that the payments are child support rather than alimony. For example, petitioner contends that Section Eight of the agreement, relating to life insurance, when considered together with Section Three of the agreement, would lead to the conclusion that the payments are child support. This argument is of no assistance to petitioner. The decree does not meet the clear standards required by section 71. Due to respondent's concession as to the amount actually received by petitioner, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as applicable to the years in question, unless otherwise indicated. All rulr references are to the Tax Court Rules of Practice and Procedure.↩
2. The parties have stipulated that the payments received by petitioner from her former husband in 1980 amounted to $15,600 rather than $16,400 as set forth in the Notice of Deficiency. Accordingly, there is no dispute as to the amount of payments made, only the characterization of the payments.↩
3. These cases were consolidated for purposes of trial by motion of respondent on November 25, 1985. Subsequently, David moved this Court to server his case from petitioner's docket, and stipulated to be bound by the final decision reached in the present case. The Motion to Sever and Stipulation were filed with this Court on January 6, 1986 is docket number 41077-84, David R. Kraemer, Petitioner, v. Commissioner of Internal Revenue, Respondent. The Motion to Sever was granteed by order dated January 6, 1986.↩
4. We note there is no dispute that the section four payments are alimony income to petitioner.↩
5. Section 71 was amended after the years in issue. All references to section 71↩ relate to that section as applicable to the years in issue.
6. Hoffman v. Commissioner,54 T.C. 1607, 1613 (1970), affd. per curiam 455 F.2d 161↩ (7th Cir. 1972).
7. See Wis. Stat. Ann. secs. 767.10, 767.25, and 767.26↩ (West 1981).
8. Ill. Rev. Stat. ch. 40, sec. 19 (1956).↩
9. Commissioner v. Lester,366 U.S. 299, 303 (1961); Sperling v. Commissioner,T.C. Memo. 1982-681, affd. 726 F.2d 948↩ (2d Cir. 1984).